SO ORDERED: 2/5/19

_____
HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

FEB 0 5 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN CURTIS RICE,
      Plaintiff

v.

MUSEE LINGERIE, LLC,
      Defendant.

Docket No. 18-cv-9130

## MOTION TO APPEAR BY TELEPHONE

NOW COMES Defendant Musee Lingerie, LLC ("Musee"), by and through its attorneys Paul Frank + Collins P.C., and respectfully requests permission for defense counsel to appear by telephone at the Initial Pretrial Conference scheduled for Friday, February 15, 2019 at 3:30 p.m. Counsel makes this request to avoid the cost of travel to and from Burlington, Vermont, for what is expected to be a relative brief conference. Attendance by telephone will neither compromise his ability to effectively discuss this matter, nor prejudice plaintiff.

In addition, plaintiff has not even served defendant with the Notice of Pretrial Conference, issued on October 10, 2018 [ECF No. 7], as required. Undersigned counsel learned of it only by inspecting the case docket. This, however, is not the first time plaintiff's counsel has done this. Plaintiff's counsel has previously been sanctioned for failing to serve a Notice of Pretrial Conference. *Steeger v. JMS Cleaning Services, LLC*, No. 17-cv-8013 (S.D.N.Y. Feb. 28, 2018)(J. Cote), attached hereto as Exhibit A; see also Id. at * 5 (noting that "Mr. Liebowitz was on notice to review his cases for pretrial orders and notices and to, when ordered to do so, serve them on defendants;" however, he still subsequently failed to serve a Notice of Pretrial Conference); *Steeger v. JMS Cleaning Services, LLC*, No. 17-cv-8013, *7 (S.D.N.Y. Mar. 15, 2018)(J. Cote), attached hereto as Exhibit B ("Mr. Liebowitz does not dispute that in at least three separate cases in this district he failed to serve the notices of initial conference, thereby failing to comply with

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

three separate court orders. Nor does he express any regret or acknowledgement that he has failed to adhere to the standards expected of officers of this court.").

The Court should also be aware that this case is one of thousands filed by Attorney Liebowitz, labeled a "copyright 'troll'" by this Court. *McDermott v. Monday Monday*, No. 17-cv-9230 *5 (S.D.N.Y. Oct. 26, 2018)(J. Cote), attached hereto as Exhibit C (Counsel's "litigation strategy in this district fits squarely within the definition of a copyright troll."). Undersigned counsel has repeatedly tried to speak with plaintiff's counsel to get him to respond to a settlement proposal from defendant before expending additional sums on this motion or its answer, which defendant eventually filed when it became clear plaintiff's counsel refused to engage. This too, however, is common for Attorney Liebowitz. *See Steeger v. JMS Cleaning Services, LLC*, No. 17-cv-8013, *3 (Feb. 28, 2018)(Exhibit A). As such, his consent to this motion could not be requested.

WHEREFORE, the Court should GRANT defendant's request that undersigned counsel be allowed to appear by phone at the February 15, 2019 Pre-Trial Conference. This case is simply one of thousands of suspect copyright claims filed by plaintiff's counsel. Justice and fairness requires the Court to allow defendant to minimize its costs by permitting counsel to appear by telephone.

DATED this 4th day of February, 2019.

> Mr. Pocius' request to appear telephonically is granted. Mr. Pocius shall call Chambers three days prior to the conference to provide a telephone number at which he can be reached during the conference. No later than February 8, 2019, Mr. Liebowitz shall file a letter with the Court explaining why he failed to comply with the Court's Order, *see* Dkt. No. 7. SO ORDERED.

MUSEE LINGERIE, LLC

BY: PAUL FRANK + COLLINS P.C.

BY:  */s/ David M. Pocius*
David M. Pocius (#640595)
PO Box 1307
Burlington, VT 05402-1307
802.658.2311
dpocius@pfclaw.com

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

7521842_1:13501-00001