February 8, 2019

Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:    *Rice v. Musee Lingerie, LLC (1:18-cv-9130-AJN)*

   Pursuant to Your Honor's October 10, 2018, order Plaintiff John Curtis Rice ("Rice") and Defendant Musee Lingerie, LLC ("Musee") jointly submit this letter in anticipation of the Initial Pretrial Conference scheduled for 3:30pm on February 15, 2019.

  **1.  Brief Description of the Case**

  **Plaintiff's Perspective**

   Rice is a professional photographer whose livelihood depends on licensing of his images to publishers and media outlets. Rice used his skill, talent and resourcefulness to photograph a tree sweater in New York City. Rice retained all rights and interest in the photograph. The photograph was timely and properly registered with the United States Copyright Office.

   Defendant then ran the Photograph on their Website. Rice did not license, give permission nor consent to publication of the photograph by Musee. In addition, Defendant removed Rice's gutter credit.

   Rice asserts that Musee's infringement was willful, intentional, purposeful, and in disregard or indifference to Rice's rights in the photograph.

   Accordingly, Rice seeks statutory damages against Musee as well as costs and attorney's fees.

  **Defendant's Perspective**

Musee, a dormant one-woman business no longer in operation, formerly operated a boutique in New York City's Greenwich Village. On February 28, 2018, Musee reposted a story published on February 24, 2018 by the New York Post on a blog page on its website. The post contained the entire New York Post article and photograph, with a credit to Rice (contrary to the false allegation in the Complaint), and a link to the original article on the New York Post's website.

Musee's post was a news item on a non-commercial webpage. It addressed the artistic decoration of trees with hand-woven sweaters on Christopher Street, where Musee's former store was located, that attracted additional shoppers and interest to the area. To the extent the fair use

doctrine does not apply, this infringement was not willful, intentional, purposeful, and in disregard or indifference to Rice's rights in the photograph.

Actual damages dwarf even the filing fee. Licensing fees for the use of a photograph for a blog, small website, or even local advertising are generally well under $100. Under the U.S. Copyright Act, damages in this case would be no more than $200, as Musee was not aware and had no reason to believe that its reposting of a relevant news item constituted an infringement of copyright. In addition, few even saw this post. Analytics confirm that Musee's post had only 27 unique page views, and none of those views arose from seeing Mr. Rice's generic photograph of a public New York City street.

**Jurisdiction and Venue**

This claim arises under the Copyright Act, 17 U.S.C. § 101 et seq., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York. Plaintiff is registered with the New York Department of State Division of Corporation to transact business in New York. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

**Motions**

**Plaintiff**

There are no pending motions. Plaintiff anticipates that following the closing of discovery, it will file a motion for summary judgment against Defendant for copyright infringement.

**Defendant**

There are no pending motions.

**Discovery**

No discovery has taken place

2. **Prospect for Settlement**

**Plaintiff's Perspective**

The parties engaged in a preliminary settlement discussion. The parties are too far apart discovery should commence.

**Defendant's Perspective**

In light of the minimal damages, this case should have been already settled. The parties engaged in a preliminary settlement discussion; however, plaintiff has refused to continue these discussions or even respond to Mussee's most recent settlement offer. Plaintiff has also refused to provide promised documentary support of his claims regarding the value of the subject photograph or his threat that plaintiff's counsel has successfully obtained individual liability of a business owner whose business allegedly infringed on his client's work.

**Estimated length of trial**

1-2 days

Respectfully Submitted,

/s/Richard Liebowitz

Richard Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
(516) 233-1660
RL@LiebowitzLawFirm.com
*Attorneys for Plaintiff John Curtis Rice*

*&*

*/s/ David Pocius*
David Pocius
Paul Frank + Collins P.C.
One Church Street
P.O. Box 1307
Burlington, Vermont 05402-1307
(802) 658-2311
dpocius@pfclaw.com
*Attorneys for Musee Lingerie, LLC*

7528279_1:13501-00001