UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN CURTIS RICE,<br>          Plaintiff<br><br>                v.<br><br>MUSEE LINGERIE, LLC,<br>          Defendant. | Docket No. 18-cv-9130 |

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR BOND UNDER LOCAL RULE 54.2

NOW COMES Defendant Musee Lingerie, LLC ("Musee") and hereby replies to Plaintiff's Opposition to its request for a bond (ECF Dkt. No. 28, hereafter "Opposition") as follows:

Plaintiff Rice's Opposition to Defendant's request for a bond offers little salient reasoning to deny that request. Rice mischaracterizes the prevailing law in this Court, and focuses much attention on whether this Court *could* award attorney fees as "costs" under Rule 68, while glossing over the determinative *Cruz* factors this Court has found critical in determining whether to grant a defendant's bond request in these hold-up copyright cases. The Opposition also frames Rice's counsel, Liebowitz Law Firm, PLLC ("Liebowitz"), as a champion for copyright holders, but it has won a paltry 5 cases out of the over 1500 counsel admits he has filed in the District Courts of New York, or a whopping 0.33 %. *See,* Opposition at 15-17. At the same time, the Opposition fails to cite any of the relevant orders that required Liebowitz's client(s) to post a bond in the past, and they are numerous.[1]

---

[1] *See,* Sadowski v. JSN Global Media, Inc., No. 18 Civ. 1392 (LAP) (S.D.N.Y. June 28, 2018), ECF Dkt. No. 32 at *5 ("[f]inally, Plaintiff's counsel, failing his ethical obligations, did not cite to a relevant order in Galore, which required plaintiff to post a $10,000 bond."); *see also,* Liebowitz v. Galore Media, Inc., No. 18 Civ. 2626 (RA) (HBP), 2018 WL 4519208 (S.D.N.Y. Sept. 20, 2018) (bond required). Numerous other Courts in this District have required Liebowtiz's clients to post a bond in order to maintain suit, *See, e.g.,* Reynolds v. Hearst Commc'ns, Inc., No. 17 Civ.

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

## BACKGROUND

Musee operated a small shop located in the West Village neighborhood of New York City. The shop was a "lifestyle boutique" that specialized in unique and luxury brand lingerie curated with art exhibits. The Musee shop closed for business in 2018 and is essentially a shell corporation with no assets.

In 2018, Musee's owner, Holly Boardman, came up with the unique idea to decorate trees on the street with hand-woven "tree sweaters." The decorations garnered enough attention to warrant the city's parks department to investigate and, unfortunately, demand the sweaters be removed because of damage that might occur to the trees. On or about that time, the NY Post ran an article about the tree sweaters and the department's decision. In addition to quotes from Ms. Boardman, the article included an image of her next to the tree in front of the Musee shop.

Ms. Boardman included the article on her shop's "PRESS" blog. It was not until October 19, 2018, that without so much as a phone call or letter, Musee was served with the Rice's complaint. Ms. Boardman immediately took down any links to the allegedly infringing photographs that were the subject of Rice's complaint.

## ARGUMENT

### I. THE *CRUZ* FACTORS WEIGH IN FAVOR OF SIGNIFICANT BOND IN THIS CASE

It is well-settled that this Court should consider the following factors to determine whether to require a party to post a bond under Local Rule 54.2: (1) the financial condition and ability to pay of the party at issue, (2) whether that party is a non-resident or foreign corporation, (3) the

---

6720 (DLC), 2018 WL 1229840 at *4 (S.D.N.Y. Mar. 5, 2018), reconsideration denied, No. 17 Civ. 6720 (DLC), 2018 WL 1602867 (S.D.N.Y. Mar. 29, 2018) ("Multiple courts, on their own initiative, have ordered Mr. Liebowitz to show cause why he should not be required to post security for costs as a condition of proceeding further with an action."). In addition, "Mr. Liebowitz has been sanctioned by this Court for failure to comply with court orders and for filing misleading documents with the Court." Id.; see also Paul Steeger v. JMS Cleaning Services, LLC, No. 17 Civ. 8013 (DLC), ECF Dkt. No. 22 (imposing sanctions on Mr. Liebowitz and listing cases where Mr. Liebowitz has failed to comply with court orders).

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

merits of the underlying claims, (4) the extend and scope of discovery, (5) the legal costs expected to be incurred, and (6) compliance with past court orders.  *See, e.g.,* Cruz v. American Broad. Cos., Inc., No. 17 Civ. 8794 (LAK), 2017 WL 5665657 at *1 (S.D.N.Y. Nov. 17, 2017).  Each factor, however, is not considered in every case.  Kensington Int'l Ltd. V. Republic of Congo, No. 16 Civ. 7382 (LAK), 2005 WL 646086 at *1 (S.D.N.Y. June 21, 2017).  Security has often been required where "there is doubt as to the plaintiff's ability to satisfy any costs judgment that ultimately may be imposed."  Cruz at *1.  Time-and-again in copyright cases of this type, and notably involving Rice's counsel Leibowitz, this Court has found factors (5) and (6) overwhelmingly in favor of requiring a bond.  *See, e.g.,* Liebowitz at *2 ("I then concluded that the fifth and sixth *Cruz* factors warranted the imposition of a bond for costs …").  Defendant asserts that these factors should control this Court's decision to require a significant bond in this case as well.

    **A.  The Expected Legal Costs Favor the Posting of a Security Bond**

The Court enjoys discretion to set an appropriate amount of a bond under Local Civil Rule 54.2.  *See,* Beautiful Jewelers Private Ltd. v. Tiffany & Co., No. 6 Civ. 3085 (KMW)(FM), 2008 WL 2876508 at *4 (S.D.N.Y. July 21, 2008).  By all accounts, this is not a particularly complex case.  But it is more likely than not that Defendant's costs will exceed the $1,500 for "two deposition transcripts" that Rice suggests is the only "out-of-pocket" expenses necessary to defend this case.  *See,* Opposition at 19.  It goes without saying that Plaintiff should not be allowed to instruct Defendant's strategy to litigate this case.  Simply to put forth an adequate defense of its interests in this case would require Defendant to incur "out-of-pocket" costs for printing and copying, travel expenses, and potential expert fees, let alone is there no reason not to believe that

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

Defendant would find it prudent to depose any number of individuals – namely, Rice's licensees to set a benchmark for proper measure of damages in this case.

In addition to these costs, Rice should also be required to post security for Defendant's reasonable attorney's fees that it is potentially entitled to under Section 505 of the Copyright Act. See, Baker v. Urban Outfitters, Inc., 431 F.Supp2d 351 (S.D.N.Y. 2006), aff'd, 249 F.App'x 845 (2nd Cir. 2007). In Baker, this Court held that when a plaintiff recovers less than the defendant's formal offer, Rule 68 requires an award to the defendant for costs, including attorney's fees, after the offer. Id. at 361. Rice would have you believe that Baker does not control because the defendant in that case was a "prevailing party" under 17 U.S.C. §505. See, Opposition at 10. However, Rice's position does not square with this Court's consistent posture on recovery under Rule 68 in ***copyright cases***, particularly, that a plaintiff may be obligated to compensate defendant for costs (including attorney's fees) it incurred ***after*** the offer was made when they cannot establish damages greater than those offered by the defendant. See, Wallert v. Atlan et al., No. 14 Civ. 4099 (PAE), 2015 WL 518563 at *1 (S.D.N.Y. Feb. 5, 2015)[2]; see also, Baker at 361 ("The Copyright Act defines 'costs' to include attorney's fees."); Liebowitz at *4 ("In my July 11, 2018 Order, I considered and rejected plaintiff's argument. I explained that Baker teaches that a defendant in a Copyright Action may recover post-offer costs if the plaintiff recovers less than the amount of the Rule 68 Offer.").

Rice's argument that he may recover more at trial than what Defendant offered in its Rule 68 offer falls wide of this mark. Rice analogizes this case with the plaintiff award in Psihoyos v. John Wiley & Sons, Inc., where the Court upheld statutory damages of $130,000 for two pictures.

---

[2] See, e.g., Boutrous v. JTC Painting & Decorating Corp., 989 F.Supp.2d 281, 286 n.2 (S.D.N.Y. 2013) ("To be sure, Boutrous runs a risk in not accepting the Rule 68 Offer. If he cannot establish greater FLSA damages than those offered by JTC, under Rule 68, he will be obligated to compensate JTC for 'the costs [it] incurred after the offer was made.'")

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

No. 11 Civ. 1416 (JPO), 2012 WL 5506121 (S.D.N.Y. Nov. 7, 2012).  In Psihoyos, the award to the plaintiff was based on actions by defendant in clear contravention to the copyright statute – defendant made no effort to curb infringement or stop distribution of textbook sales after discovering the infringement and had a history of violating license agreements – and defendant was shown to have "garnered substantial profits from its textbook sales."  Id. at *3.

The facts in Psihoyos could not be farther from the reality of the instant case.  The photograph at issue in this case is:



This photograph shows nothing particular substantive or interesting.  Nor does it capture any special or specific moment or event.  It could, for all purposes, have been taken by anyone standing in the street with a digital camera, smart phone, or other mobile device.  Rice licensed his photograph to the New York Post, but provides no evidence of his licensing fee.  See, Opposition at 2.  This Court may (and should) consider that reasonable licensing fees for "standard"

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

photographs such as this to be significantly less than what Rice claims would be his recovery under statutory copyright damages. *See, e.g.,* Barcroft Media, Ltd. v. Coed Media Group, LLC, 297 F.Supp.3d 339, 360-1 (S.D.N.Y. 2017) (finding "that an appropriate and nonspeculative actual damages amount" for online use of the photographs at issue was $255). Thus, even conservative estimates anticipate damages of no more than 3 to 5 times the reasonable license fee, or no more than recovery of $1,500 or so, which falls well below Defendant's Rule 68 offer.

### B. Prior Conduct of Leibowitz Merit Posting of a Security Bond in this Case

Liebowitz record in this District certainly makes imposition of a bond entirely appropriate here. *See, e.g.,* Liebowitz at *4 (citing Reynolds at *4 (collecting cases) ("[b]ased on this record, the imposition of a bond is entirely appropriate.")). Among the hundreds of cases Liebowitz has filed, many have turned out to be meritless or potentially filed without sufficient pre-suit investigation of the claims, the amount of potential recovery, and the available defenses. *See, e.g.,* Konangataa v. American Broadcasting Companies, Inc., No. 16 Civ. 7382 (LAK), 2017 WL 2684067 *2 (S.D.N.Y June 21, 2017) ("no reasonable lawyer with any familiarity with the law of copyright could have though that the fleeting and minimal uses …..was anything but fair."); McDermott v. Monday Monday, LLC, No. 17 Civ. 9230 (DLC), 2018 WL 1033240 at *2 (S.D.N.Y. Oct. 26, 2018) ("Plaintiff's counsel, Richard Liebowitz, is a known copyright "troll," filing over 500 cases in this district alone in the past twenty-four months"); Sadowski, *supra*. There is no reason for this Court to treat this case any different.

### C. The Plaintiff's Ability to Pay is not Conclusive at this Stage of Litigation

The ability (or inability) of a plaintiff to pay a bond is not dispositive of whether this Court should require the bond at all. *See, e.g.,* Sea Trade Co. Ltd v. FleetBoston Financial Corp., No. 3 Civ. 10254 (JFK), 2008 WL 161239 *2 (S.D.N.Y. Jan. 15, 2008). In Sea Trade, the Court found it

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

appropriate to require a bond in light of Plaintiff's claim that it "would have not have funds to post a bond resulting in the likely forced abandonment of a legitimate claims" because Plaintiff's simple failure to post a bond does not automatically give way to dismissal of an otherwise meritorious claim.  Id.  ("[e]ven after a plaintiff fails to post [a] bond, a court must first give '***adequate consideration to the plaintiff's alleged inability to pay***' before determining whether the plaintiff's failure to post the bond should result in dismissal of claims pursuant to Rule 54.2 (emphasis added).")).  In this case, Rice's exact financial condition is still unclear, and he has offered no suggestions for anyone to conclude that he is or is not able to pay a bond of *any amount*.  This information is likely to remain unknown until later stages of this litigation.  Nonetheless, these facts are not dispositive for the matter at hand. If Rice is in position to satisfy the requested bond, then this case continues unabated on the merits.  This Court, on the other hand, could still allow Rice's claim to continue should he not be in financial condition to satisfy the requested bond.

## CONCLUSION

For the foregoing reasons, this Court should order plaintiff to post a bond as security for costs and attorneys' fees in the amount of not less than $15,000 and grant such other and further relief as it deems appropriate

DATED this 8th day of May, 2019.

MUSEE LINGERIE, LLC

BY: PAUL FRANK + COLLINS P.C.

BY: */s/ David M. Pocius*
David M. Pocius (#640595)
PO Box 1307
Burlington, VT 05402-1307
802.658.2311/ dpocius@pfclaw.com

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

7597703_3:13501-00001