UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

John Curtis Rice,

                Plaintiff,

-v-

Musee Lingerie, LLC,

                Defendant.

18-CV-9130 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

On April 3, 2019, Defendant filed a motion requesting that the Court order Plaintiff to post a bond in order to proceed with the present action. Dkt. No. 23. For the following reasons, Defendant's motion is granted.

## I. Background

Plaintiff is a professional New York-based is a professional photographer in the business of licensing his photographs to online and print media. Compl. ¶ 1. Defendant is a New York limited liability company, and operates a website. Compl. ¶¶ 6, 8. Plaintiff photographed a "tree sweater"[1] in New York City, and licensed his photograph to the New York Post. Compl. ¶¶ 9, 10. On February 24, 2018, the New York Post published an article, "Parks Department wants to kill these tree sweaters," which included the photograph along with a photo credit to Plaintiff. Compl. ¶ 11. That same day, Defendant published a post on its website that included the photograph. See Compl. ¶ 14. Plaintiff did not license the photograph to Defendant. Compl. ¶ 15.

---

[1] The New York Post article, referenced in the Complaint, describes tree sweaters as "adorable, hand-woven sweaters wrapped around trees." https://nypost.com/2018/02/24/parks-department-wants-to-kill-these-tree-sweaters/.

1

Plaintiff's photograph was registered with the United States Copyright Office and was given registration number VA 2-102-014 with effective date of April 2, 2018. Compl. ¶ 13.

On October 4, 2018, Plaintiff filed this action against Defendant alleging copyright infringement under 17 U.S.C. §§ 106 and 501. *See* Compl. ¶ 16-22. After a case management plan was entered, Dkt. No. 21, Defendant filed a motion requesting the Court order Plaintiff to post a bond. Dkt. No. 23. Plaintiff opposes. Dkt. No. 28. Prior to the filing of Defendant's motion, Defendant provided Plaintiff with an Offer of Judgment pursuant to Fed. R. Civ. 68, which Plaintiff rejected. *See* Dkt. No. 23.

## II. Legal Standard

Local Civil Rule 54.2 provides:

The Court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate. For failure to comply with the order the Court may make such orders in regard to noncompliance as are just, and among others the following: an order striking out pleadings or staying further proceedings until the bond is filed or dismissing the action or rendering a judgment by default against the non-complying party.

S.D.N.Y. Local Civ. R. 54.2. A court considers the following factors in determining whether to require security for costs: (1) the financial condition and ability to pay of the party at issue; (2) whether that party is a non-resident or foreign corporation; (3) the merits of the underlying claims; (4) the extent and scope of discovery; (5) the legal costs expected to be incurred; and (6) compliance with past court orders. *Cruz v. American Broadcasting Companies, Inc.*, No. 17-CV-8794 (LAK), 2017 WL 5665657, at *1 (S.D.N.Y. Nov. 17, 2017) (citing *Selletti v. Carey*, 173 F.R.D. 96, 100 (S.D.N.Y. 1997) (Chin, J.), *aff'd*, 173 F.3d 104 (2d Cir. 1999)). Each factor does not need to be considered in every case. *See, e.g., Kensington Int'l Ltd. v. Republic of Congo*, No. 16-CV-7382 (LAP), 2005 WL 646086 at *1 (S.D.N.Y. June 21, 2017); *Herbstein v. Bruetman*, 141 F.R.D. 246, 247 (S.D.N.Y. 1992). Courts have "broad discretion" in

deciding whether a party should be required to post a bond. *Beautiful Jewellers Private Ltd. v. Tiffany & Co.*, No. 06-CV-3085 (KMW) (FM), 2008 WL 2876508, at *2 (S.D.N.Y. July 21, 2008) (citing *Selletti*, 173 F.3d at 110-11).

## III. Discussion

Here, the Court concludes that imposition of a bond is appropriate. The Court only addresses the fifth and sixth factors, which courts in this District frequently consider in copyright cases of this type. *See, e.g, Leibowitz v. Galore Media, Inc.*, No. 18-CV-2626 (RA) (HBP), 2018 WL 4519208, at *2 (S.D.N.Y. Sept. 20, 2018); *Reynolds v. Hearst Commc'ns, Inc.*, No. 17-CV-6720 (DLC), 2018 WL 1229840, at *3-5 (S.D.N.Y. Mar. 5, 2018), *reconsideration denied*, 2018 WL 1602867 (S.D.N.Y. Mar. 29, 2018). For the reasons provided below, these two factors weigh heavily in favor of requiring Plaintiff to post a bond.

Beginning with the fifth factor—the legal costs expected to be incurred—the Court notes that Plaintiff may have to pay Defendant costs for this litigation. Under Rule 68, if an offer is not accepted, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. 68(d). While the Court does not prejudge this case, on the face of the complaint, it appears that this is a standard infringement case commonly found in this District. In these types of cases, awards typically do not extend beyond three to five times the license fee for a work. *See FameFlynet, Inc. v. Shoshanna Collection, LLC*, 282 F. Supp. 3d 618, 627 (S.D.N.Y. 2017), *appeal withdrawn*, 2018 WL 2740233 (2d Cir. Mar. 20, 2018); *Barcroft Media, Ltd. v. Coed Media Grp., LLC*, 297 F. Supp. 3d 339, 359 (S.D.N.Y. 2017). Defendant represents to the Court that its Rule 68 offer was nearly thirty-one times the highest conceivable license fee for the use of the photograph at issue in this case. *See* Dkt. No. 23 at 2. So here, even if Plaintiff were to

3

prevail on his claim, it is likely that Defendant's Rule 68 offer would exceed the amount Plaintiff ultimately recovers.

Plaintiff argues that he may recover more at trial than what Defendant offered in its Rule 68 offer, and analogizes this case with a plaintiff award in *Psihoyos v. John Wiley & Sons, Inc.*, where the Court upheld statutory damages of $130,000 for two pictures. No. 11-CV-1416 (JPO), 2012 WL 5506121 (S.D.N.Y. Nov. 7, 2012). That case is inapposite. In *Psihoyos,* the award to the plaintiff was based on actions by defendant in clear contravention to the copyright statute—there was "an array of evidence indicating that Defendant made no effort to curb its infringement after becoming aware that Plaintiff's photographs had been used without license." *Id.* at *2. The defendant had "garnered substantial profits from its textbook sales." *Id.* at *3. That is far from the facts of this case, where, at most, Plaintiff's photograph briefly appeared on Defendant's website, a blog, and has subsequently been removed. *See* Dkt. No. 31 at 2. Defendant never contacted Plaintiff prior to the filing of this lawsuit. *See id.*

Therefore, it is likely that Defendant's Rule 68 offer would exceed the amount Plaintiff ultimately recovers, and Defendant would be entitled to costs incurred after the Rule 68 Offer was made. Fed. R. Civ. 68(d). Defendant's costs could include: costs for printing and copying, travel expenses, potential expert fees, and the cost of obtaining deposition transcripts. *See* Dkt. No. 31 at 3-4. Plaintiff concedes that the cost of obtaining deposition transcripts, alone, would be approximately $1,500. Dkt. No. 28 at 19.

Defendant's costs could also include attorneys' fees. Under Rule 68, the term "costs" refers to all costs awardable under the statute or other authority that is the basis for the underlying claim. *Marek v. Chesny*, 473 U.S. 1, 9 (1985); *Wilson v. Nomura Sec. Int'l, Inc.*, 361 F.3d 86, 89 (2d Cir. 2004). Where the underlying statute defines "costs" to include attorney's

fees, such fees are "costs" for purposes of Rule 68. *Wilson*, 361 F.3d at 89. Under the Copyright Act, attorneys' fees may be awarded in the recoverable costs of a prevailing party. 17 U.S.C. § 505. Thus, courts in this District have concluded that when a plaintiff in a copyright action recovers less than the defendant's offer of judgment under Rule 68, the plaintiff is also required to award to defendant the attorneys' fees incurred *after* that offer. *See Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 361 (S.D.N.Y. 2006), *aff'd*, 249 F. App'x 845 (2d Cir. 2007); *Leibowitz v. Galore Media, Inc.*, No. 18-CV-2626 (RA) (HBP), 2018 WL 4519208, at *4 (S.D.N.Y. Sept. 20, 2018); *Wallert v. Atlan*, No. 14-CV-4099 (PAE), 2015 WL 518563, at *1 (S.D.N.Y. Feb. 5, 2015); *see also Jordan v. Time, Inc.*, 111 F.3d 102, 104-05 (11th Cir. 1997) (holding the same). For all of these reasons, the fifth factor militates in favor of a bond.

Turning to the sixth factor—compliance with past court orders—the Court determines that this, too, weighs in favor of imposing a bond. Plaintiff's attorney, Mr. Liebowitz, has previously been sanctioned by courts in this District for failure to comply with court orders and for filing misleading documents with the courts. *See Paul Steeger v. JMS Cleaning Services, LLC*, No. 17-CV-8013 (DLC), Dkt. No. No. 22 (collecting cases). Courts in this District have, on their own initiative, ordered Mr. Liebowitz to show cause why he should not be required to post security for costs as a condition of proceeding further with an action. *See Pereira v. Kendall Jenner, Inc.*, No. 17-CV-6945 (RA); *Cruz v. Am. Broad. Cos.*, 17-CV-8794 (LAK), 2017 WL 5665657 (S.D.N.Y. Nov. 17, 2017). And courts in this District have also imposed a bond on the plaintiff in Mr. Liebowitz's cases following a motion from a defendant. *See Reynolds v. Hearst Commc'ns, Inc.*, No. 17-CV-6720 (DLC), 2018 WL 1229840, at *4 (S.D.N.Y. Mar. 5, 2018), *reconsideration denied*, 2018 WL 1602867 (S.D.N.Y. Mar. 29, 2018); *Leibowitz v. Galore Media, Inc.*, No. 18-CV-2626 (RA) (HBP), 2018 WL 4519208, at *2

5

(S.D.N.Y. Sept. 20, 2018). Defendant here has a justified concern that Plaintiff, through his counsel, will evade court orders, or not proceed with this litigation prudently. *See Leibowitz v. Galore Media, Inc.*, No. 18-CV-2626 (RA) (HBP), Dkt. No. 18. Accordingly, the Court concludes the imposition of a bond is appropriate.

A Court has discretion in setting a bond amount under Local Civil Rule 54.2. "The court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount . . . *as it may designate*." S.D.N.Y. Local Civ. R. 54.2 (emphasis added). Defendant requests that the Court should require a bond in the amount of $15,000 - $25,000. Dkt. No. 23 at 4. Plaintiff argues that if the Court determines that the imposition of a bond is warranted, it should not exceed $1,500. Dkt. No. 28 at 19. The Court concludes that, for the purposes of setting an appropriate bond amount, it needs more specific information regarding the expected costs Defendant will incur after its Rule 68 offer. *See Reynolds*, 2018 WL 1229840, at *4. Accordingly, within seven days of the date of this Opinion and Order, Defendant shall provide the Court with more specific information justifying the imposition of a bond in the amount of $15,000 - $25,000. Plaintiff may file a response to Defendant's argument no later than one week thereafter. The Court will review the submissions and impose a bond at an appropriate amount. Plaintiff will then have 21 days to file a bond with the Clerk of Court.

## IV.  Conclusion

For the foregoing reasons, Defendant's motion for the imposition of a bond is GRANTED. The Court reserves judgment on the specific bond amount, pending an additional submission from Defendant. The Court will review Defendant's submission, and then impose a

bond at an appropriate amount. Plaintiff will then have 21 days to file a bond with the Clerk of Court.

SO ORDERED.

Dated: July ___, 2019
       New York, New York

_____
ALISON J. NATHAN
United States District Judge