UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN CURTIS RICE,

                Plaintiff,

    - against -

MUSEE LINGERIE, LLC

                Defendant.

Case No. 18-cv-9130 (AJN)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR
RECONSIDERATION OR REARGUMENT PURSUANT TO LOCAL RULE 6.3 AND
RULE 60(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...........................................................................................................iii

INTRODUCTION.......................................................................................................................... 1

LEGAL STANDARD ..................................................................................................................... 4

ARGUMENT .................................................................................................................................. 5


POINT I:    THE COURT HAS OVERLOOKED CONTROLLING SUPREME COURT
AUTHORITY WHICH PRECLUDES A COPYRIGHT INFRINGER FROM
FEE-SHIFTING UNDER RULE 68 ...................................................................... 6


POINT II:    THE COURT HAS OVERLOOKED CONTROLLING SECOND CIRCUIT LAW
WHICH REQUIRES A RULE 68 OFFER TO EXPRESSLY SEEK
ATTORNEYS' FEES............................................................................................ 10


POINT III:   BECAUSE THE COURT DID NOT FIND THAT RICE'S CLAIM IS
FRIVOLOUS, THE FIRST AMENDMENT PRE-EMPTS L.R. 54.2 .................... 11


POINT IV:   THE COURT'S APPLICATION OF L.R. 54.2 VIOLATES THE EQUAL
PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT BECAUSE IT
DISCRIMINATES AGAINST INDIVIDUALS ...................................................... 12


POINT V:    THE COURT HAS OVERLOOKED THAT PLAINTIFF, NOR HIS COUNSEL,
HAS VIOLATED ANY COURT ORDERS IN THIS ACTION…………………15


CONCLUSION ............................................................................................................................. 16

# TABLE OF AUTHORITIES

## CASES

*Adickes v. S.H. Kress & Co.*,
   398 U.S. 144, 152 (1970) ......................................................................................... 13

*Apple Computer, Inc. v. Franklin Computer Corp.*,
   714 F.2d 1240, 1255 (3d Cir. 1983) .......................................................................... 9

*Arlington Heights v. Metropolitan Housing Development Corp.*,
   429 U.S. 252, 266 n. 14 (1977) ............................................................................... 13

*Baker v. Urban Outfitters, Inc.*,
   No. 01 CIV. 5440 (LAP), 2004 WL 2546805, at *4 (S.D.N.Y. Nov. 10, 2004) ..................... 14

*Bill Johnson's Restaurants, Inc. v. N.L.R.B.*,
   461 U.S. 731, 743 (1983) ......................................................................................... 12

*Bohen v. City of East Chicago, Ind.*,
   799 F.2d 1180, 1187 (7th Cir.1986) ........................................................................ 13

*Boisson*,
   221 F.R.D. at 382 ....................................................................................................... 7

*Borough of Duryea, Pa. v. Guarnieri*,
   564 U.S. 379, 382 (2011) ......................................................................................... 12

*Brandt v. Magnificent Quality Florals Corp.*,
   No. 07-20129-CIV, 2011 WL 4625379, at *20 (S.D. Fla. Sept. 30, 2011) ............... 8

*Bruce v. Weekly World News, Inc.*,
   203 F.R.D. 51, 54–55 (D. Mass. 2001) ..................................................................... 7

City of Cleburne, Tex. v. Cleburne Living Center,
   473 U.S. 432, 439, 105 S.Ct. 3249, 3254 (U.S. Tex.,1985) ..................................... 13

*Cruz v. Am. Broad. Companies, Inc.*,
   No. 17-CV-8794 (LAK), 2017 WL 5665657, at *1 (S.D.N.Y. Nov. 17, 2017) ..................... 14

*Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, LP*,
   No. CV H-14-1903, 2018 WL 2048896, at *12 (S.D. Tex. May 2, 2018) ................. 9

*Fogerty v . Fantasy*,
   510 U.S. 517 (1994) ................................................................................................... 2

*Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*,
No. 08 CIV. 01533, 2010 WL 3452375, at *4 (S.D.N.Y. Sept. 1, 2010) ................................ 15

*Harbor Motor Co., Inc. v. Arnell Chevrolet–Geo, Inc.*,
265 F.3d 638 (7th Cir. 2001) ........................................................................................ 6

*Hayden ex rel. A.H. v. Greensburg Cmty. Sch. Corp.*,
743 F.3d 569, 577 (7th Cir. 2014) .............................................................................. 12

*International Controls Corp, v. Vesco*,
556 F.2d 665, 670 (2d Cir. 1977) ................................................................................. 4

*John Corp. v. City of Houston*,
214 F.3d 573, 577 (5th Cir. 2000) ............................................................................... 13

*Johnson v. Kassovitz*,
No. 97 CIV. 5789 DLC, 1998 WL 655534, at *1 (S.D.N.Y. Sept. 24, 1998) ......................... 14

*Jordan v. Time, Inc.*,
111 F.3d 102 (11th Cir. 1997) ...................................................................................... 7

*Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*,
168 F.3d 347, 350 (9th Cir. 1999) ................................................................................ 4

*Le v. University of Pennsylvania*,
2001 WL 849707 at *6 ................................................................................................ 8

*Leibowitz v. Galore Media, Inc.*,
No. 18-cv-2626 (RAH-BP), 2018 WL 4519208, at *5 (S.D.N.Y. Sept. 20, 2018) ................. 14

*Lish v. Harper's Magazine Foundation*,
148 F.R.D. 516 (1993) ................................................................................................ 9

*Livnat v. Lavi*,
No. 96 CIV. 4967 (RWS), 1997 WL 563799, at *1 (S.D.N.Y. Sept. 9, 1997) ........................ 14

*Lugo v. Artus*,
No. 05-cv-1998 (SAS), 2008 WL 312298, at *2 (S.D.N.Y. Jan. 31, 2008) ............................ 4

*Marek v. Chesny*,
473 U.S. 1, 8-9, 105 S.Ct. 3012, 3016 (1985) ................................................................. 6

*Reynolds v. Hearst Commc'ns, Inc.*,
No. 17CV6720(DLC), 2018 WL 1229840, at *5 (S.D.N.Y. Mar. 5, 2018), *reconsideration denied*, No. 17CV6720(DLC), 2018 WL 1602867 (S.D.N.Y. Mar. 29, 2018) ........................ 14

*RLS Assocs., LLC v. United Bank of Kuwait PLC*,
No. 01 CIV. 1290 (CSH), 2005 WL 578917, at *1 (S.D.N.Y. Mar. 11, 2005), *adhered to on reconsideration*, 464 F. Supp. 2d 206 (S.D.N.Y. 2006) ........................................................... 15

*Rumsey v. New York State Dep't of Corr. Servs.*,
580 F.Supp. 1052 (N.D.N.Y.1984) ........................................................................................... 4

*Sadhu Singh Hamdard Tr. v. Ajit Newspaper Advert., Mktg. & Commc'ns, Inc.*,
No. 04 CV 3503 (CLP), 2008 WL 11415934, at *1 (E.D.N.Y. July 23, 2008) ....................... 14

*Sadowski v. JSN Glob. Media, Inc.*,
No. 18 CV 1392, 2018 U.S. Dist. LEXIS 205365, at *4 (S.D.N.Y. Dec. 3, 2018) ................. 14

*Sanofi-Synthelabo v. Apotex, Inc.*,
363 F. Supp. 2d 592, 594 (S.D.N.Y. 2005). ............................................................................... 4

*Selletti v. Carey*,
173 F.R.D. 96 (S.D.N.Y. 1997), *aff'd*, 173 F.3d 104 (2d Cir. 1999) ....................................... 14

*Shrader v. CSX Transp., Inc.*,
70 F.3d 255, 257 (2d Cir. 1995) ................................................................................................. 4

*Steiner v. Lewmar, Inc.*,
816 F.3d 26, 35 (2d Cir. 2016) ................................................................................................... 2

*Sure–Tan, Inc. v. NLRB*,
467 U.S. 883, 896–897 (1984) ................................................................................................. 12

*UMG Recordings, Inc. v. Shelter Capital Partners LLC*,
667 F.3d 1022, 1048 (9th Cir. 2011) ..................................................................................... 6, 8

*United States v. White*,
980 F.2d 836, 844 (2d Cir. 1992) ............................................................................................ 11

*Util. Automation 2000 v. Choctawhatchee Elec. Coop., Inc.*,
298 F.3d 1238, 1246 n. 6 (11th Cir. 2002) ................................................................................ 8

*Village of Willowbrook v. Olech*,
528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) ........................................ 12, 13

*Walt Disney Co. v. Best*,
No. 88 Civ. 1595(SWK), 1990 WL 144209, at *4 (S.D.N.Y. Sept. 26, 1990) ......................... 9

*Zen Music, Inc. v. CVS Corp.*,
No. 98 CIV. 4246 (DLC), 1999 WL 225530, at *1 (S.D.N.Y. Apr. 19, 1999) ........................ 14

**STATUTES**

17 U.S.C. §505 ...................................................................................................................... 5

**RULES**

Fed. R. Civ. P. 60(b)(1) ................................................................................................. passim
Fed.R.Civ.P. 68(d) ............................................................................................................. 9
Local Civil Rule 6.3 ....................................................................................................... 1, 4

Pursuant to Local Civil Rule 6.3 and Rule 60(b)(1) of the Federal Rules of Civil Procedure, Plaintiff John Curtis Rice ("Plaintiff" or "Rice"), via counsel, respectfully submits this memorandum of law in support of Plaintiff's Motion for Reconsideration or Reargument of the District Court's Order, dated July, 2019, which imposed upon Rice a requirement to post a bond as security pursuant to S.D.N.Y. Local Rule ("L.R.") 54.2.

## **INTRODUCTION**

Plaintiff is a professional New York-based photojournalist who earns a living by creating and licensing his photographs.  Plaintiff is a U.S. citizen who lives in New York City.  Plaintiff created a photograph of a tree sweater (the "Photograph") and then licensed the Photograph to the New York Post.

Defendant Musee Lingerie, LLC ("Defendant") expropriated the Photograph from the New York Post and then republished it on its commercial website without Plaintiff's authority. Defendant has asserted three affirmative defenses to liability, namely fair use, waiver and license [Dkt. # 11, Answer].  However, Defendant's motion for a bond has made no attempt to address any of these affirmative defenses.

Defendant asked the Court to arbitrarily impose a security bond on Plaintiff  based on two arguments. First, Defendant argued that the ultimate monetary judgment at trial is likely to exceed the amount specified in its Rule 68 offer of judgment.  Second, Defendant argued that because Plaintiff's counsel, Liebowitz Law Firm, PLLC has been sanctioned or reprimanded in a miniscule fraction (less than 0.004%) of the over 1500 copyright cases it has filed in the last three years, that imposition of a bond is warranted.

The Court's ruling that a *non-prevailing* defendant, i.e. an adjudged copyright infringer, can shift attorneys' fees to a prevailing plaintiff under Rule 68 is contrary to two Supreme Court

cases: *Marek v. Chesney*, 473 U.S. 1, 8-9 (1985) and *Fogerty v . Fantasy,* 510 U.S. 517 (1994).

*Marek* holds that the term "costs" under Rule 68 depends on the underlying statute. *Marek,* 473

U.S. at 9 ("the term 'costs' in Rule 68 was intended to refer to all costs properly awardable

under the relevant substantive statute or other authority." )

The operative statutory provision, section 505 of the Copyright Act, only permits fee-

shifting to prevailing parties. 17 U.S.C. § 505. Moreover, pursuant to the High Court's ruling in

*Fogerty v. Fantasy*, fee-shifting is only permitted where the claims are deemed objectively

unreasonable or improperly motivated. Clearly, if Plaintiff establishes that Defendant infringed

his copyright, then his claim is objectively reasonable as a matter of law. Rule 68, a mere

procedural rule, cannot override the substantive provisions of the statute or clear-cut mandates of

the Supreme Court by awarding adjudged copyright infringers their attorneys' fees. The Court

has plainly overlooked the holdings in both U.S. Supreme Court cases, thereby warranting

reconsideration.

Moreover, the Court has overlooked that it granted Defendant's motion for a bond

without actually reviewing the language of the Rule 68 offer that forms the basis of Defendant's

motion. Such a mistake of law requires reversal under Rule 60(b)(1) or requires reconsideration

under Local Rules to prevent manifest injustice. The express terms of that Rule 68 offer, dated

March 1, 2019, do not even seek attorneys' fees. Defendant's Rule 68 Offer reads:

> "If Plaintiff does not accept this offer, he may become obligated to pay Defendants' costs
> incurred after making of this offer in the event he does not recover a judgment that is
> more favorable than this offer of judgment, pursuant to Rule 68(d) of the Federal Rules of
> Civil Procedure."

The Court has overlooked controlling Second Circuit law, *Steiner v. Lewmar, Inc.,* 816

F.3d 26, 35 (2d Cir. 2016), which holds that a Rule 68 Offer of Judgment must contain an

explicit request for attorneys' fees and that any ambiguity "must be resolved against the offeror."

Finally, the fact that the Court seeks to impose a bond upon Plaintiff without analyzing the merits of the claims and defenses is a clear-cut violation of Plaintiff's First Amendment right to petition the Government and Fourteenth amendment right to Equal Protection under the law. The filing fee to commence an action is $400. Access to the federal courtroom cannot be impeded by erecting arbitrary financial roadblocks that seek to derail the adjudication of meritorious copyright infringement claims, which ultimately emanate from the U.S. Constitution.

Individual photographers have a constitutional right to redress their grievances before an Article III tribunal. The rash of bond requirements that have recently been imposed upon working-class photographers in this District, without any (or only cursory) analysis of the merits, have resulted in a "pay to play" judicial system which undermines fundamental notions of equality under the law, fairness and justice. The Article III branch was not designed to only serve the claims of the upper-class and wealthy corporations. Blue collar photojournalists, such as Rice, who enrich the public sphere through their photographic contribution to the Arts, have just as much right to a full adjudication without being saddled with arbitrary bond requirements under a constitutionally suspect local rule.

At bottom, in the 43 years since the Copyright Act was promulgated, no adjudged copyright infringer in this Circuit has ever been awarded their attorneys' fees under Rule 68. The very notion that a copyright infringer can be rewarded for its violation of a copyright holder's constitutional rights ignores the core principle of copyright litigation, which not unlike civil rights or antitrust law, is to vindicate the public interest. Defendant's request for a $25,000 bond based on fee-shifting under Rule 68 is an affront to the U.S. Constitution and two controlling Supreme Court cases. Moreover, the express language of Defendant's offer does not remotely support such a claim.

## **LEGAL STANDARD**

A party seeking reconsideration or reargument pursuant to Local Civil Rule 6.3 must demonstrate that the Court overlooked controlling decisions or factual matters "that might materially have influenced its earlier decision." *See Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) (to prevail on a motion for reconsideration, the movant must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). In the alternative, the movant must "demonstrate the need to correct a clear error or prevent manifest injustice." *Sanofi-Synthelabo v. Apotex, Inc.,* 363 F. Supp. 2d 592, 594 (S.D.N.Y. 2005).

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides in relevant part that "the court may relieve a party . . . from a[n] . . . order . . . for the following reasons: (1) mistake . . ." Fed. R. Civ. P. 60(b)(1).  "Rule 60(b)(1) motions premised upon 'mistake' are intended to provide relief to a party when the judge has made a substantive mistake of law or fact in the final judgment or order." *Lugo v. Artus*, No. 05-cv-1998 (SAS), 2008 WL 312298, at *2 (S.D.N.Y. Jan. 31, 2008) (citation and internal quotations omitted). "Thus, Rule 60(b)(1) motions can be used by a trial court to correct judicial errors." *Id., citing International Controls Corp, v. Vesco,* 556 F.2d 665, 670 (2d Cir. 1977) (stating that district court's mistake of "substantive legal nature" may be corrected under Rule 60(b)(1)); *see also Kingvision Pay-Per-View Ltd. v. Lake Alice Bar,* 168 F.3d 347, 350 (9th Cir. 1999) ("[T]he words 'mistake' and 'inadvertence' . . . may include mistake and inadvertence by the judge.")

Relief under 60(b)(1) is also appropriate where a court may have overlooked certain parties' arguments or evidence in the record.  *See, e.g., Rumsey v. New York State Dep't of Corr. Servs.,* 580 F.Supp. 1052 (N.D.N.Y.1984) (granting 60(b)(1) motion where court may

have overlooked triable issues of fact). As more fully detailed below, Plaintiff's motion for reconsideration or reargument pursuant to Local Civil Rule 6.3 and Rule 60(b)(1) satisfies the applicable standards.

## **ARGUMENT**

The Court's imposition of a bond requirement should be vacated on grounds, *inter alia*, that: (1) the Court has overlooked controlling Supreme Court authority which holds that the term "costs" under Rule 68 only applies to those costs which are "properly awardable" under 17 U.S.C. §505; (2) the Court has committed plain error under Rule 60(b)(1) by imposing a bond requirement based on fee-shifting without reviewing the express language of Defendant's Rule 68 Offer, which does not even seek attorneys' fees; (3) Rice's First Amendment Right to Petition the Government pre-empts L.R. 54.2 because the Court did not find Rice's claim to be frivolous; (4) the Court's application of L.R. 54.2 violates Lee's constitutional rights to Equal Protection on grounds that, in the Copyright context, L.R. 54.2 has only been applied to individual copyright holders and never to artificial entities such as corporations or LLCs. Accordingly, the Court's order should be vacated under Rule 60(b)(1), or in the alternative, the bond requirement should be rescinded in its entirety.

To the extent Defendant is able to shift costs under Rule 68, such out-of-pocket costs would not plausibly exceed the amount of $1500.00, or two deposition transcripts in a non-complex matter such as the present action. Accordingly, if the Court finds that a bond is warranted under Rule 68, then the Court's Order should be modified and the amount of bond should be reduced to $1500 rather than the arbitrary $25,000 which has no connection to actual out-of-pocket costs that can reasonably be expected.

**POINT I:**     **THE COURT HAS OVERLOOKED CONTROLLING SUPREME COURT AUTHORITY WHICH PRECLUDES A COPYRIGHT INFRINGER FROM FEE-SHIFTING UNDER RULE 68**

The Court's bond requirement is premised on the Court's finding that Rule 68 can shift fees to prevailing copyright holders in the event that the monetary amount recovered at trial is less than the amount specified in the Rule 68 offer.  However, this proposition is manifestly erroneous as it contravenes U.S. Supreme Court law.  In *Marek v. Chesny,* 473 U.S. 1, 8-9, 105 S.Ct. 3012, 3016 (1985), the High Court determined that

> ... [T]he most reasonable inference is that the term "costs" in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute *or other authority.* In other words, all costs properly awardable in an action are to be considered within the scope of Rule 68 "costs." Thus, absent congressional expressions to the contrary, where the underlying *statute* defines "costs" to include attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68.

> 473 U.S. at 8-9.

According to Supreme Court law, the notion of "prevailing party" is very much a factor in the Rule 68 analysis because only prevailing parties can fee-shift under the governing substantive statute, 17 U.S.C. §505.

On the strength of *Marek*, the majority of federal courts hold that because the Copyright Act only permits a "prevailing party" to recover attorneys' fees "as costs," a copyright plaintiff cannot be liable for a non-prevailing defendant's post-offer attorneys' fees under Rule 68.  *See, e.g.*, *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 667 F.3d 1022, 1048 (9th Cir. 2011) ("We agree with the district court that, because it found that attorney's fees were not "properly awardable" under § 505 in this case, fees could not be awarded under Rule 68"); *Harbor Motor Co., Inc. v. Arnell Chevrolet–Geo, Inc.*, 265 F.3d 638 (7th Cir. 2001) (under the Copyright Act, a non-prevailing defendant cannot recover attorneys' fees as part of a Rule 68

award); *Boisson v. Banian Ltd.*, 221 F.R.D. 378, 381 (E.D.N.Y. 2004)*; Bruce v. Weekly World News, Inc.*, 203 F.R.D. 51, 54–55 (D. Mass. 2001) (same).

Judge Wexler's E.D.N.Y. opinion in *Boisson* is directly on point.  There, the defendant in a copyright action made a Rule 68 offer of judgment in the amount of $12,000.  After trial and appeal, Plaintiff was ultimately awarded less than $12,000.  Defendant thereafter sought $85,000 in post-offer attorneys' fees.  Based on *Marek's* holding, the analogous cases involving fee-shifting statutes, and the Seventh Circuit's approach in *Harbor Motor,* Judge Wexler determined that under the Copyright Act, a non-prevailing defendant could <u>not</u> shift fees to plaintiff by way of Rule 68.

> Particularly persuasive is the opinion of the Seventh Circuit Court of Appeals in *Harbor Motor*, where the court denied Rule 68 attorneys' fees in a copyright case on the ground that the party seeking fees was not the prevailing party. *Harbor Motor*, 265 F.3d at 647. As in *Harbor Motor*, the party seeking an award of attorney's fees here has not been deemed the prevailing party in the litigation. In view of the fact that the Copyright Act allows an award of attorneys' fees only to such a party, the court holds that attorney's fees are not "properly awardable," to Defendant within the meaning of *Marek*. Accordingly, the court denies Defendant's Rule 68 motion for attorneys' fees.

> *Boisson*, 221 F.R.D. at 382.

Significantly, Judge Wexler rejected the minority view adopted by the Eleventh Circuit in *Jordan v. Time, Inc.*, 111 F.3d 102 (11th Cir. 1997).  In *Jordan*, the Eleventh Circuit held that a non-prevailing defendant could shift attorneys' fees to a copyright plaintiff under Rule 68.  *Id*. at 105.  Judge Wexler noted that the court in *Jordan* failed to consider *Marek's* holding that only "costs" which are "properly awardable" under the relevant substantive statute may be encompassed by Rule 68.  *Boisson* at 382.

Indeed, the majority of courts have flatly rejected *Jordan* for failing to adhere to the Supreme Court's holding in *Marek.  See, e.g., Harbor Motor Co.*, 265 F.3d at 646 ("The court in *Jordan* . . . did not confront squarely the requirement in section 505 of the Copyright Act that a

party seeking attorney's fees must be a prevailing party"); *Le v. University of Pennsylvania*, 2001 WL 849707 at *6 ("What the Eleventh Circuit neglected to discuss was the Copyright Act's allowance of an award of attorneys' fees as costs to a 'prevailing party.' 17 U.S.C. § 505"); *UMG Recordings, Inc.*, 667 F.3d 1022, fn. 23 ("In *Champion*, 342 F.3d at 1029–31, we reaffirmed *Trident's* application of *Marek* and explicitly rejected the Eleventh Circuit's approach in *Jordan*"); *Bruce*, 203 F.R.D. at 56; *Brandt v. Magnificent Quality Florals Corp*., No. 07-20129-CIV, 2011 WL 4625379, at *20 (S.D. Fla. Sept. 30, 2011) (collecting cases); *see also Util. Automation 2000 v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1246 n. 6 (11th Cir. 2002) (recognizing that *Jordan* has been subject to criticism in other circuits).

In *Bruce v. Weekly World News,* the district court of Massachusetts explained why the Eleventh Circuit's approach in *Jordan* was contrary to public policy:

> [A]s a policy matter, the *Jordan* result is, I believe, unwise, as it would virtually compel copyright plaintiffs, who typically, as here, enter the fray with far fewer resources at their disposal than the media conglomerates against whom they are arrayed, to accept an Offer of Judgment no matter how meritorious may be their case, for fear of resulting exposure to what are often, as here, substantial claims of attorney's fees.

*Bruce*, 203 F.R.D. at 56.

Here, despite having briefed this issue in opposition to Defendants' bond motion, the Court's order entirely overlooked the Supreme Court's controlling decision in *Marek* as well as the Majority view adopted by courts that have applied *Marek*'s holding to copyright cases. Instead, the Court adopted the Eleventh Circuit's holding in *Jordan* and made no attempt to explain the fundamental flaws in *Jordan's* position which has been widely criticized by a majority of federal Circuits.

A ruling which forecloses adjudged copyright infringers from shifting fees under Rule 68 is also in accord with the very purpose of the Copyright Act.  After all, not unlike Civil Rights

cases, copyright infringement actions brought by individual copyright holders do more than provide economic compensation to victims.  They secure intellectual property rights from widespread invasion by corporations, maintain order in society, and promote the Progress of the Sciences and the useful Arts. *See Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983) (public interest can only be served by upholding copyright protections, thus preventing misappropriation of skills, creative energies, and resources invested in protected work); *see also Walt Disney Co. v. Best*, No. 88 Civ. 1595(SWK), 1990 WL 144209, at *4 (S.D.N.Y. Sept. 26, 1990) (one of the primary purposes of the Copyright Act is to "deter future infringements."); *Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, LP*, No. CV H-14-1903, 2018 WL 2048896, at *12 (S.D. Tex. May 2, 2018) ("The protection of copyrights is a vindication of the public interest, and the statutory penalty for copyright infringement is intended not just to compensate the copyright owner, but to deter Kayne and others like them from committing copyright infringement.").

Allowing a copyright infringer to shift its attorneys' fees to a prevailing copyright holder simply because the monetary value of a final judgment is less than the monetary value of a Rule 68 Offer of Judgment improperly reduces the Copyright Act into a piece of economic legislation. Conversely, it ignores the very purpose which underlies the enforcement of the Act, which is to vindicate the public interest by ensuring that copyright infringers are brought to justice, i.e. to final judgment.[1]

---

[1] The Court has also overlooked that a final judgment of liability is more favorable *per se* than an Offer of Judgment which contains no admission of liability.  Rule 68(d) of the Federal Rules of Civil Procedure provides: "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed.R.Civ.P. 68(d) (underline added).  Rule 68 does not say anything about the monetary amount obtained.  As such, there are other issues at play which could render a final judgment more favorable, such as a judicial finding of liability for copyright infringement.  *See, e.g., Lish v. Harper's Magazine Foundation*, 148 F.R.D. 516 (1993) ("the judicial determination of copyright violation confers a benefit on a plaintiff which he would not have obtained merely by the entry of judgment in his favor: that is, to use the precedent established by a court finding in future instances.").

**POINT II:**    **THE COURT HAS OVERLOOKED CONTROLLING SECOND CIRCUIT LAW WHICH REQUIRES A RULE 68 OFFER TO EXPRESSLY SEEK ATTORNEYS' FEES**

The Court's bond requirement presupposes that Defendant's Rule 68 offer automatically entitles Defendant to shift its fees in the event that Plaintiff recovers less at trial than the monetary amount specified in the Rule 68 offer.  However, the Court has overlooked that it granted Defendant's motion for a bond without actually reviewing the language of the Rule 68 offer that forms the basis of Defendant's motion.  Such a mistake of law (or fact) requires reversal under Rule 60(b)(1) or requires reconsideration under Local Rules to prevent manifest injustice.  The express terms of that Rule 68 offer, dated March 1, 2019, do not even seek attorneys' fees.  Defendant's Rule 68 Offer reads:

> "If Plaintiff does not accept this offer, he may become obligated to pay Defendants' costs incurred after making of this offer in the event he does not recover a judgment that is more favorable than this offer of judgment, pursuant to Rule 68(d) of the Federal Rules of Civil Procedure."

Notably, Defendant refers to attorneys fees' in other paragraphs where referring to <u>Plaintiff's fees</u>, so it knows the difference between costs and fees.  But there is no mention on the face of Rule 68 offer of Defendant's fees.  As such, the Court has overlooked controlling Second Circuit law, *Steiner,* 816 F.3d at 35, which holds that a Rule 68 Offer of Judgment must contain an explicit request for a defendant's attorneys' fees and that any ambiguity "must be resolved against the offeror." Indeed, "[a] rule that requires defendants to clearly state whether attorneys'

---

Here, Defendant has indicated that its offer of judgment was without admitting liability.  Thus, even if Plaintiff fails to obtain a monetary amount at trial greater than what was set forth in Defendant's offer of judgment, an ultimate finding of infringement liability by the Court will make the final judgment more favorable regardless of the sum of money at stake.  This is particularly true in a copyright case where the object of the litigation is to vindicate the public interest.

fees are included also complies with the policy underlying Rule 68, which is to encourage settlement and avoid protracted litigation." *Steiner* at 35.

Defendant's Rule 68 also suffers from another fatal flaw, which is that the very modest amount specified in the offer <u>includes</u> Plaintiff's attorneys' fees. But if defendant is found liable, and Plaintiff is awarded his fees under section 505, then the amount of fees would easily exceed $50,000, an amount that is exponentially higher than the amount offered by Defendant.

In short, courts which seek to impose bond requirements premised on Rule 68 offers of judgment must take care to actually review the language of the offer (even if the amount is appropriately redacted) to determine whether Defendant's request for a bond is even viable. The Court has not done so here. Accordingly, to prevent manifest injustice, the Court should vacate its prior order which imposes a bond based on fee-shifting.

**<u>POINT III</u>:      BECAUSE THE COURT DID <u>NOT</u> FIND THAT RICE'S CLAIM IS FRIVOLOUS, THE FIRST AMENDMENT PRE-EMPTS L.R. 54.2**

"A construction of a local rule that creates a conflict with a federal rule should be avoided." *United States v. White*, 980 F.2d 836, 844 (2d Cir. 1992).

In its Decision and Order, the Court recognized that the merits of Plaintiff's claim are a factor in determining whether a bond should be imposed under L.R. 54.2. However, the Court then declined to subject the merits of Rice's claims to any analysis whatsoever. Plaintiff respectfully submits that that the Court violated Plaintiff's constitutional rights by not considering the merits of his claim before imposing a bond requirement. If the Court hasn't found Plaintiff's claim frivolous (or of highly dubious merit), then it cannot erect a financial barrier to adjudication without violating Rice's First Amendment right to petition the government for redress of grievances.

"Among other rights essential to freedom, the First Amendment protects 'the right of the people . . . to petition the Government for a redress of grievances.' U.S. Const., Amdt. 1." *Borough of Duryea, Pa. v. Guarnieri*, 564 U.S. 379, 382 (2011) (Kennedy, J.). "[T]he right of access to courts for redress of wrongs is an aspect of the First Amendment right to petition the government." *Sure–Tan, Inc. v. NLRB*, 467 U.S. 883, 896–897 (1984). Of course, the First Amendment does not protect all speech, such as false advertising or defamation. *A fortiori*, the First Amendment's protections do not extend to the filing of frivolous lawsuits. *See Bill Johnson's Restaurants, Inc. v. N.L.R.B.,* 461 U.S. 731, 743 (1983)) ("there is no First Amendment right to 'baseless litigation[.]'")

Given that the First Amendment grants Rice the right to access courts in order to enforce his registered copyrights, it must be the case that only a court's finding of frivolity can impede that access. But the District Court could not and did not draw the conclusion that Rice's claim is frivolous or objectively unreasonable. Under these circumstances, the Court may not impose a financial roadblock to Rice's exercise of his First Amendment privilege without violating his constitutional rights. For that reason alone, the Court's order should be vacated under Rule 60(b).

**POINT IV**:    **THE COURT'S APPLICATION OF L.R. 54.2 VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT BECAUSE IT DISCRIMINATES AGAINST INDIVIDUALS**

"The equal protection clause of the Fourteenth Amendment protects individuals against intentional, arbitrary discrimination by government officials." *Hayden ex rel. A.H. v. Greensburg Cmty. Sch. Corp.*, 743 F.3d 569, 577 (7th Cir. 2014) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam). "The Equal Protection Clause protects individuals from governmental action that works to treat similarly

situated individuals differently." *John Corp. v. City of Houston,* 214 F.3d 573, 577 (5th Cir. 2000) (citations omitted); see also *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254 (U.S. Tex.,1985) (this clause "is essentially a direction that all persons similarly situated should be treated alike.")

As a general matter, a single discriminatory act against one individual can amount to intentional discrimination for equal protection purposes. *Arlington Heights v. Metropolitan Housing Development Corp.,* 429 U.S. 252, 266 n. 14 (1977). An equal protection plaintiff therefore need not prove a discriminatory policy against an entire class; discrimination against the plaintiff because of his or her membership in the class is by itself enough. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152 (1970). "Evidence of a pattern or practice of discrimination, however, is of course strong evidence supporting a plaintiff's claim that she herself has been the victim of discrimination." *Bohen v. City of East Chicago, Ind.,* 799 F.2d 1180, 1187 (7th Cir.1986). The Supreme Court has held that plaintiffs can bring an equal protection claim even when they are not part of a protected class, by alleging they are a "class of one" which has been intentionally treated differently from others similarly situated without a rational basis. *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000).

Here, the Court's application of L.R. 54.2 violates the Equal Protection clause because it arbitrarily discriminates against individual copyright holders in favor of corporate entities. A survey of copyright infringement cases in this Circuit dating back more than twenty years shows that L.R. 54.2 has only been imposed against individuals. *See Lee v. W Architecture & Landscape Architecture, LLC*, No. 18-cv-05820 (PKC) (CLP), 2019 WL 2272757, at *1 (E.D.N.Y. May 28, 2019) (ordering individual copyright holder to post $10,000 bond); *Sadowski v. JSN Glob. Media, Inc.,* No. 18 CV 1392, 2018 U.S. Dist. LEXIS 205365, at *4

(S.D.N.Y. Dec. 3, 2018) (ordering individual copyright holder to post $50,000 bond); *Reynolds v. Hearst Commc'ns, Inc.,* No. 17CV6720(DLC), 2018 WL 1229840, at *5 (S.D.N.Y. Mar. 5, 2018), *reconsideration denied,* No. 17CV6720(DLC), 2018 WL 1602867 (S.D.N.Y. Mar. 29, 2018) (ordering individual copyright holder to post $10,000 bond); *Leibowitz v. Galore Media, Inc.,* No. 18-cv-2626 (RAH-BP), 2018 WL 4519208, at *5 (S.D.N.Y. Sept. 20, 2018) (ordering individual copyright holder to post $10,000 bond); *Baker v. Urban Outfitters, Inc.*, No. 01 CIV. 5440 (LAP), 2004 WL 2546805, at *4 (S.D.N.Y. Nov. 10, 2004) (ordering individual copyright holder to post bond in the amount of $450,000 as security for costs); *Johnson v. Kassovitz*, No. 97 CIV. 5789 DLC, 1998 WL 655534, at *1 (S.D.N.Y. Sept. 24, 1998) (ordering individual copyright holder to post $50,000 bond); *Livnat v. Lavi*, No. 96 CIV. 4967 (RWS), 1997 WL 563799, at *1 (S.D.N.Y. Sept. 9, 1997) (ordering individual copyright holder to post $5,000 bond); *Selletti v. Carey*, 173 F.R.D. 96 (S.D.N.Y. 1997), *aff'd*, 173 F.3d 104 (2d Cir. 1999) (ordering individual copyright holder to post $50,000 bond); *see also Cruz v. Am. Broad. Companies, Inc.,* No. 17-CV-8794 (LAK), 2017 WL 5665657, at *1 (S.D.N.Y. Nov. 17, 2017) (ordering individual copyright holder to show cause why bond should not be imposed).

In contrast, Plaintiff is not aware of any case in this Circuit where L.R. 54.2 was applied against an artificial entity, i.e. corporation, LLC or trust, in a copyright case.  Indeed, in the context of the Copyright Act, every bond motion brought against a corporate entity has been denied.  *See Zen Music, Inc. v. CVS Corp.*, No. 98 CIV. 4246 (DLC), 1999 WL 225530, at *1 (S.D.N.Y. Apr. 19, 1999) (denying motion for plaintiff-corporation post bond in infringement action); *Sadhu Singh Hamdard Tr. v. Ajit Newspaper Advert., Mktg. & Commc'ns, Inc.,* No. 04 CV 3503 (CLP), 2008 WL 11415934, at *1 (E.D.N.Y. July 23, 2008) (denying motion for plaintiff-trust post bond in infringement action); *Gary Friedrich Enterprises, LLC v. Marvel*

*Enterprises, Inc.*, No. 08 CIV. 01533, 2010 WL 3452375, at *4 (S.D.N.Y. Sept. 1, 2010) (denying motion for plaintiff-company post bond in infringement action); *RLS Assocs., LLC v. United Bank of Kuwait PLC*, No. 01 CIV. 1290 (CSH), 2005 WL 578917, at *1 (S.D.N.Y. Mar. 11, 2005), *adhered to on reconsideration*, 464 F. Supp. 2d 206 (S.D.N.Y. 2006) (denying motion for plaintiff-company post bond in infringement action).

This conspicuous, longstanding pattern of discriminating against individual copyright holders by erecting "toll booths" at the Courthouse steps cannot be sustained.  It is a clear-cut violation of Plaintiff's Fourteenth Amendment rights for the Court to force Plaintiff, an individual, to come out of pocket before the Court has had the opportunity to assess the merits of his claim.  After all, one of the purposes of the federal courts is to permit individuals of modest means to seek redress against artificial corporate entities who have expropriated their intellectual property.  The Court's application of L.R. 54.2 interferes with this fundamental right, which is enshrined in the Copyright Clause, and offends traditional notions of fair play and justice.

**POINT V:     THE COURT HAS OVERLOOKED THAT PLAINTIFF HAS NOT VIOLATED ANY COURT ORDERS IN THIS (OR ANY OTHER) ACTION**

The Court has also inappropriately sought to penalize J.C. Rice for his choice of counsel, Liebowitz Law Firm, PLLC.  But Local Rule 54.2 does not authorize courts to punish plaintiffs for their choice of counsel.  Local Rule 54.2 provides in relevant part that the "Court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate." L.R. 54.2 (underlined added).  The operative rule says nothing about attorneys who represent such parties.

Regardless of whatever adverse rulings may exist against Plaintiff's counsel, which represent a miniscule fraction of the number of cases filed by Liebowitz Law Firm, PLLC, Defendant has failed to present any evidence in <u>this case</u> of Plaintiff's failure to adhere to the Court's rules or comply with the Court's orders.  Plaintiff has a right to Due Process and cannot be penalized by infractions committed by his counsel in other unrelated cases.

## **<u>CONCLUSION</u>**

Based on the foregoing, the Court should grant Plaintiff's motion for reconsideration and vacate its Order or otherwise rescind the bond requirement in its entirety.  In the alternative, the Court should reduce the bond requirement to $1500.00, which more accurately reflects the out-of-pocket costs that could be incurred by Defendant in defense of this action.

Respectfully Submitted,

LIEBOWITZ LAW FIRM, PLLC

**<u>/richardliebowitz/</u>**
Richard Liebowitz, Esq.

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580

*Counsel for Plaintiff J.C. Rice*