UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN CURTIS RICE,
              Plaintiff

      v.

MUSEE LINGERIE, LLC,
              Defendant.

Docket No. 18-cv-9130

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINITFF'S MOTION FOR RECONSIDERATION OR REARGUMENT

Defendant Musee Lingerie, LLC ("Musee") hereby opposes Plaintiff's Motion for Reconsideration or Reargument Pursuant to Local Rule 6.3 and Rule 60(b)(1) of the Federal Rules of Civil Procedure (ECF No. 42, hereinafter "Motion").

### INTRODUCTION

Plaintiff's Motion asks the Court to overturn its well-reasoned and properly supported Opinion and Order dated July 3, 2019 (ECF No. 35, hereinafter the "Order") in which it granted Defendant's Motion for a Bond Requirement (ECF No. 23, hereinafter "Defendant's Bond Motion").  Defendant's Bond Motion specifically sought to impose a bond requirement in this copyright infringement action, pursuant to Local Rule 54.2, after Defendant served a generous Fed. R. Civ. P. 68 offer of judgment on Plaintiff, which Plaintiff rejected.  Under Rule 68, Defendant would thus be entitled to an award of costs and attorneys' fees if any judgment in Plaintiff's favor turned out to be less favorable than the offer, and therefore Defendant sought a bond to ensure it could ultimately collect on an award of costs and attorneys' fees.

The Court granted Defendant's Bond Motion after conducting a thorough analysis of the L.R. 54.2 factors that courts in this District regularly consider in copyright cases.  Plaintiff – who has filed at least 15 copyright infringement lawsuits in the Southern and Eastern Districts of New

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

York in the last few years alone, all of which were filed by Attorney Leibowitz, a noted copyright troll[1] – now asks this Court to reverse itself based on issues the Court is barred from considering on a motion for reconsideration.  Plaintiff's arguments, even if they could be considered, are also substantively invalid and provide no grounds upon which the Court could or should reconsider its Order.  As a result, Plaintiff's Motion must be denied.

## ARGUMENT

"The standard for granting a motion for reconsideration is 'strict.'"  *Fallman v. Hotel Insider, Ltd.*, No. 14CV10140 (DLC), 2016 WL 6238610, at *1 (S.D.N.Y. Oct. 25, 2016) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  *Id.* (quoting *Analytical Surveys, Inc.*, 684 F.3d at 52). "It is black letter law that a motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court."  *Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Las Vegas Prof'l Football Ltd. P'ship*, 409 Fed. App'x 401, 403 (2d Cir. 2010) (internal quotations omitted).   Additionally – and critically with respect to the arguments raised in Plaintiff's Motion – a party's failure to raise an argument in its initial opposition to the underlying motion waives the argument and makes it an improper basis for reconsideration.  *See, e.g.*, *id.* ("The district court properly determined that [the appellants'] argument was not properly raised for the first time on a motion for reconsideration, and deemed it waived – a finding we affirm."); *U.S. v. Mount Sinai Hosp.*, 13 Civ. 4735 (RMB), 2017 WL 2984024, at *2 (S.D.N.Y. June 9, 2017) (denying motion

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

---

[1] *McDermott v. Monday Monday, LLC*, 17cv9230 (DLC), 2018 WL 5312903, at *2-3 (S.D.N.Y. Oct. 26, 2018) ("it is undisputable that Mr. Liebowitz is a copyright troll").

for reconsideration where "Plaintiffs had the opportunity to raise this argument in [their] original

opposition to Defendants'' . . . motion but did not do so") (internal quotations omitted).

Plaintiff's Motion raises the following arguments: (1) the Court overlooked "controlling"

Supreme Court authority with respect to costs that are properly awardable under Fed. R. Civ. P.

68, (2) the Court committed plain error by imposing a bond based on a fee shifting provision

without reviewing the language of Defendant's Rule 68 Offer of Judgment, (3) Plaintiff's First

Amendment Right to Petition the Government preempts Local Rule 54.2 because the Court did not

find Plaintiff's claim to be frivolous, (4) the Court's application of L.R. 54.2 violates Plaintiff's

constitutional rights to Equal Protection because L.R. 54.2 has only been applied to individual

copyright holders, and (5) a bond requirement cannot be based on Plaintiff's counsel's history of

violating court orders, as opposed to Plaintiff's own history.

As a threshold matter, the Court cannot consider the substance of any of Plaintiff's

arguments.  As explained in greater detail below, the second, third, and fourth arguments were not

raised in any manner whatsoever in Plaintiff's Opposition to Defendant's Bond Motion, and

therefore may not form the basis for reconsideration.  *See Nat'l Union Fire Ins. Co. of Pittsburg,*

*PA*, 409 Fed. App'x at 403 (argument waived for purposes of motion for reconsideration where

not raised in opposition to underlying motion); *Mount Sinai Hosp.*, 2017 WL 2984024, at *2

(same).  The first and fifth arguments cannot be considered because they were already litigated in

the briefing on Defendant's Bond Motion and considered by the Court in its Order, and no

controlling law dictates a different result. *Shrader v. SCX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.

1995) ("a motion to reconsider should not be granted where the moving party seeks solely to

relitigate an issue already decided").  Setting aside that dispositive issue, each of these arguments

falls well short of meeting the exacting standard for reconsideration.

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

**A. The Court's Order Incorporated All Material Controlling Authority; Plaintiff's Argument to the Contrary is Based on His Preference for Out-of-Circuit Authority Over This Circuit's and District's Case Law.**

Point I of Plaintiff's Motion argues that the Court improperly found that Rule 68 can shift fees to copyright plaintiffs in the event that the monetary amount the plaintiff recovers at trial is less than the amount specified in the Rule 68 offer. Motion at 6.  Plaintiff specifically contends that this is erroneous because it "contravenes U.S. Supreme Court law." *Id*.  Indeed, Plaintiff's entire argument for why the Court's Order may be reconsidered on this point is that the Court "entirely overlooked the Supreme Court's controlling decision in *Marek* . . . ." *Id.* at 8.  Plaintiff's Motion identifies no controlling authority that the Court purportedly "overlooked" other than *Marek v. Chesny*, 473 U.S. 1, 8-9 (1985).[2]

But the Court's Order directly addressed and incorporated *Marek.* It even did so for the exact same proposition that Plaintiff's Motion cites.  Specifically, Plaintiff cites *Marek* for the uncontroverted principle that "costs" include attorneys' fees for purposes of a Rule 68 offer of judgment where the underlying statute defines "costs" to include attorneys' fees.  Motion at 6. The Court's Order cites *Marek* to support the following sentence: "[u]nder Rule 68, the term 'costs' refers to all costs awardable under the statute or other authority that is the basis for the underlying claim." Order at 4.  Far from "overlooking" controlling Supreme Court authority, the Court directly incorporated the only Supreme Court authority identified in Point I of Plaintiff's

---

[2] The introduction section of Plaintiff's Motion states – without so much as a pincite – that *Fogerty v. Fantasy*, 510 U.S. 517 (1994) holds that fee-shifting "is only permitted where the claims are deemed objectively unreasonable or improperly motivated."  Motion at 2.  Perhaps this is the remnant of a copy and paste job gone wrong from another brief in Plaintiff's counsel's 1,500 copyright infringement cases, but Plaintiff does not press this argument in any manner – which is wise, given the extent to which he misrepresents *Fogerty*.  The language Plaintiff apparently references appears to be from footnote 19 of that case, which noted that courts should use their discretion in awarding attorney's fees, should apply such discretion evenhandedly between defendants and plaintiffs seeking attorneys' fees, and may consider – as nonexhaustive factors – "frivolousness, motivation, objective unreasonableness . . . and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty*, 510 U.S. at 534 n. 19. This, of course, is a far cry from saying that fee-shifting "is only permitted where the claims are deemed objectively unreasonable or improperly motivated." Motion at 2.

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

Motion and cited it for the same precedent as Plaintiff.  Once stripped of the vacuous "overlooked" label that Plaintiff's Motion casts upon the Court's consideration of *Marek* – which is a tacit acknowledgement that Plaintiff needed some basis for reconsideration of this point – it becomes clear that Plaintiff's argument in Point I has nothing to do with the Court overlooking Supreme Court precedent.

Instead, Plaintiff's real argument for reconsideration in Point I is that the Court did not adopt non-binding decisions from other Circuits and Districts that have held the Copyright Act only permits a party who prevails on the merits at trial to recover attorneys' fees as costs. Motion at 6 (citing cases from the Ninth and Seventh Circuits, the District of Massachusetts, and the Eastern District of New York).  This bears emphasis.  Plaintiff is baselessly accusing the Court of entirely overlooking the *Marek* Supreme Court precedent – a serious accusation – solely so that he can try to convince the Court to adopt out-of-Circuit and out-of-District cases that have also cited *Marek*.  This cannot form the basis for reconsideration, as these out-of-Circuit are not binding on the Court.  *Analytical Surveys, Inc.*, 684 F.3d at 52 (reconsideration requires the moving party to "point to controlling decisions . . . that the court overlooked").

It also cannot form the basis for reconsideration because the parties have already briefed this issue in relation to Defendant's Bond Motion. *See* Plaintiff's Opposition to Defendant's Bond Motion, ECF No. 28 at 8-10; *see also* Motion at 8 (admitting that Plaintiff "briefed this issue in opposition to Defendants' bond motion . . .").  That this issue was already litigated in the briefing on Defendant's Bond Motion is further evidenced by the extent to which Plaintiff copied and pasted his reconsideration arguments from his initial Opposition: after Plaintiff's Motion's brief discussion of *Marek*, his arguments in Point I of the Motion are almost entirely lifted verbatim from pages 7 and 8 of his Opposition to Defendant's Bond Motion.  *Compare* Motion at 6-8 *with*

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

ECF No. 28 at 8-10.  And indeed, the Court directly addressed the issue of whether a copyright

infringement plaintiff who recovers less than a Rule 68 offer of judgment at trial must pay the

defendant's attorney's fees.  *See* Order, ECF No. 35, at 5.  Where, as here, Plaintiff is simply using

a motion for reconsideration as a vehicle to relitigate an issue the Court already decided, the

Motion must be denied on this ground alone. *Shrader v. SCX Transp., Inc.*, 70 F.3d 255, 257 (2d

Cir. 1995) ("a motion to reconsider should not be granted where the moving party seeks solely to

relitigate an issue already decided").[3]

Substantively, the Court's finding that a plaintiff in a copyright action who recovers less

than the defendant's offer of judgment under Rule 68 must pay the defendant's attorney's fees

incurred after the offer was rejected continues to be the rule in this District – and indeed has been

applied in this District in the last couple of weeks – and has been affirmed by the Second Circuit.

*See, e.g., Mango v. Democracy Now! Productions, Inc.*, 18CV10588 (DLC), 2019 WL 3325842,

at *4 (S.D.N.Y. July 24, 2019) ("A copyright defendant is entitled to seek an award of costs,

including attorney's fees, incurred following a Rule 68 offer where the plaintiff's recovery fails to

exceed the offer."); *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 361 (S.D.N.Y. 2006),

*aff'd*, 249 Fed. App'x 845 (2d Cir. 2007).  The Court credited this rule and properly cited the

supporting authorities in its Order. Order at 5 (citing *Baker v. Urban Outfitters, Inc.*, 431 F. Supp.

2d 351, 361 (S.D.N.Y. 2006), *aff'd*, 249 Fed. App'x 845 (2d Cir. 2007); *Leibowitz v. Galore*

---

[3] Plaintiff's counsel knows this is improper, as he unsuccessfully attempted to obtain reconsideration on the same issue and in the exact same manner in a previous case.  *See Leibowitz v. Galore Media, Inc.*, No. 18-CV-2626 (RA) (HBP), 2018 WL 4519208, at *3-4 (S.D.N.Y. Sept. 20, 2018) (plaintiff moved for reconsideration on grounds that defendant cannot recover costs and attorney's fees pursuant to Rule 68 offer in a copyright action unless defendant prevails on the merits, plaintiff argued that court "overlooked prevailing precedent in this Circuit and around the nation" in its initial decision, and court held that "[i]n my July 11, 2018 Order, I considered and rejected plaintiff's argument.  I explained that <u>Baker</u> teaches that a defendant in a Copyright Action may recover post-offer costs if the plaintiff recovers less than the amount of the Rule 68 Offer… Because plaintiff now raises the same argument already briefed, considered and decided, she may not obtain relief pursuant to her motion for reconsideration").

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

*Media, Inc.*, No. 18-CV-2626 (RA) (HBP), 2018 WL 4519208, at *4 (S.D.N.Y. Sept. 20, 2018); *Wallert v. Atlan*, No. 14-CV-4099 (PAE), 2015 WL 518563, at *1 (S.D.N.Y. Feb. 5, 2015)). The fact that Plaintiff does not like this District's rule is not a proper basis for reconsideration.

Nor is Plaintiff's attempt to skirt these cases by stating that the Court "adopted the Eleventh Circuit's holding in *Jordan* and made no attempt to explain the fundamental flaws in *Jordan* . . . ." Motion at 8. In reality, the Court cited the Eleventh Circuit's *Jordan* decision merely as a "see also" cite to further support the body of case law in this District, which has been affirmed by the Second Circuit, that a defendant in a copyright action may recover attorneys' fees from the plaintiff if the plaintiff's recovery is less than the defendant's Rule 68 offer. Order at 5.

Finally, a 2019 Second Circuit case further supports this District's rule that a plaintiff in a copyright action who recovers less than the defendant's offer of judgment must pay the defendant's attorney's fees incurred after the offer was rejected. In *Manhattan Review LLC v. Yun*, 919 F.3d 149, 152-53 (2d Cir. 2019), the Second Circuit rejected that a party had to obtain some relief on the merits of its claim to be a "prevailing party" under 17 U.S.C. § 505, and specifically held that, for purposes of the Copyright Act, "a prevailing party is one who has favorably effected a material alteration of the legal relationship of the parties by court order." (citing *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 102 (2d Cir. 2009)). A defendant who has made a Rule 68 offer of judgment and then litigates the case through trial to a judgment less than its Rule 68 offer necessarily causes a material alteration of the legal relationship between the parties: it results in "cancellation of the plaintiff's right to recover his costs incurred after the offer includ[ing] any right to recover attorney's fees incurred post-offer" and "also requires the plaintiff to pay the defendant's post-offer costs," which "reverses Rule 54(d) . . . ." *Mango v. Democracy Now! Productions, Inc.*, 18-cv-10588 (DLC), 2019 WL 3325842, at *3 (S.D.N.Y. July 24, 2019)

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

(quoting *Stanczyk v. City of N.Y.*, 752 F.3d 273, 280-81 (2d Cir. 2014)).  Accordingly, contrary to Plaintiff's position, recent controlling authority – in the form of the Second Circuit's *Manhattan Review LLC* decision – supports the Court's Order.

In summary, Plaintiff's argument that the Court's Order "overlooked" the *Marek* Supreme Court precedent in finding that a defendant in a copyright action could recover attorney's fees if the plaintiff ultimately recovers less than the Rule 68 offer is entirely baseless given that the Order directly cited to *Marek* for the same proposition raised in Plaintiff's Motion.  Plaintiff's argument that the Court should now reverse itself and follow cases from outside this Circuit and District is not only an improper basis for reconsideration, but also runs afoul of Second Circuit precedent and this District's body of case law on the issue.  Plaintiff's Motion thus cannot be granted on these grounds.

**B.  Plaintiff Waived His Argument in Point II About the Content of Defendant's Rule 68 Offer, and that Argument is Otherwise Meritless and Grounded in Plaintiff's Misrepresentations of Law.**

Plaintiff's second argument for reconsideration is that the Court erred by not considering the language of Defendant's Rule 68 offer of judgment[4] and, had it done so, it would have realized that the language of the offer did not expressly seek to recover attorneys' fees in the event Plaintiff obtained a judgment at trial that was less than the amount of Defendant's offer.  Motion at 10.  At the outset, Plaintiff waived this argument by not raising it in his Opposition to Defendant's Bond Motion.  *See, e.g.*, *Nat'l Union Fire Ins. Co. of Pittsburg, PA*, 409 Fed. App'x at 403 (argument waived for purposes of motion for reconsideration where not raised in opposition to underlying

---

[4] Under Fed. R. Civ. P. 68(a), offers of judgment are not filed with the Court unless and until they are accepted in writing.  Given that Plaintiff did not brief this argument in his Opposition to Defendant's Bond Motion, Plaintiff – incredibly – implies that the Court had some duty to, *sua sponte*, order Defendant to produce a copy of its unaccepted offer of judgment.

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

motion); *Mount Sinai Hosp.*, 2017 WL 2984024, at *2 (same). For this reason alone, the Court cannot grant Plaintiff's Motion based on Point II.

Even if this argument was not precluded in its entirety, it is substantively erroneous and based on either Plaintiff's misunderstanding of Rule 68 offers of judgment or misrepresentation of *Steiner v. Lewmar, Inc.*, 816 F.3d 26 (2d Cir. 2016). Plaintiff's argument is, essentially, that Defendant's Rule 68 offer did not explicitly seek attorney's fees. Motion at 10. From there, Plaintiff states that *Steiner* is "controlling law" and "holds that a Rule 68 Offer of Judgment must contain an explicit request for a defendant's attorney's fees." *Id.* This statement is purposefully misleading and self-serving.

The *Steiner* case involved an instance in which the plaintiff *accepted* the defendant's Rule 68 offer of judgment, which dismissed "all claims that have been made or could have been made," and then later sought to recover its costs and attorneys' fees. 816 F.3d at 30. The issue in the case was whether the plaintiff's claims for attorneys' fees were encompassed by the offer, such that the *plaintiff* was barred from seeking its costs and attorneys' fees after accepting the offer. *Id.* This issue was consequential in the case because "[i]f a Rule 68 offer unambiguously includes attorneys' fees, *plaintiffs may not accept the offer and then apply to the court for fees* in addition to the accepted settlement." *Id.* at 31. For an offer of judgment to preclude a plaintiff from accepting the offer and then turning around and seeking to recover costs and attorneys' fees, the offer must unambiguously encompass claims for attorneys' fees. *Id.* at 35.[5] Thus, this holding would only have any meaning in this case if Plaintiff accepted Defendant's offer and later sought to recover his attorneys' fees and costs. He did not accept the offer.

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

---

[5] Though it makes no difference, Defendant's Offer of Judgment included this exact language, stating that the total amount encompassed "any and all liability claimed in this action, including all costs of suit and attorney fees otherwise recoverable by Plaintiff."

Thus, a plain reading of the *Steiner* case reveals the extent to which Plaintiff misrepresented its implications – or that Plaintiff simply does not understand how a Rule 68 offer of judgment works.  Either way, there is no controlling case law that says a *defendant* must include "attorney's fees" in an offer of judgment to later recover them if the plaintiff obtains a judgment less favorable than the Rule 68 offer.  That issue is governed by Rule 68 itself.  Rule 68(d) plainly states that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."  Fed. R. Civ. P. 68(d).  As the Second Circuit explained in *Steiner*, Rule 68 has this effect regardless of the language of the offer.  816 F.3d at 36 ("[A] valid Rule 68 offer always includes costs, whether or not specified, because Rule 68 authorizes such an offer only with costs then accrued.").  This mandatory cost-shifting measure thus puts "Rule 68 offerees . . . at risk for costs if the ultimate award is less favorable than the offer."  *Id.* at 35.  Whether attorneys' fees are included in a defendant's recoverable "costs" is not a function of the language of the offer, but rather whether "the underlying statute defines 'costs' to include attorney's fees . . . ." *Marek*, 473 U.S. at 9.  The Copyright Act defines costs to include attorneys' fees.  17 U.S.C. § 505 ("the court may also award a reasonable attorney's fee to the prevailing party as part of the costs"); *see also Adsani v. Miller*, 139 F.3d 67, 71 (2d Cir. 1998) ("costs" under Copyright Act include attorneys' fees).  Accordingly, whether Defendant explicitly included the words "attorney's fees" in the portion of its Rule 68 offer explaining the consequences of Plaintiff rejecting the offer is entirely inapposite.

## C.  Reconsideration May Not Be Granted Based on Plaintiff's Argument that the First Amendment Preempts L.R. 54.2.

Plaintiff argues in Point III of the Motion that the Court's imposition of a bond requirement, despite not holding that Plaintiff's claim was frivolous, violates the First Amendment and that the First Amendment preempts L.R. 54.2.  Motion at 11.

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

First and foremost, Plaintiff's Opposition to Defendant's initial Motion for a Bond failed to raise the First Amendment argument in any manner whatsoever. Far from arguing that L.R. 54.2 is preempted by the First Amendment, Plaintiff's Opposition lacks a single reference to the First Amendment. It is thus waived. *See, e.g.*, *Nat'l Union Fire Ins. Co. of Pittsburg, PA*, 409 Fed. App'x at 403 (argument waived for purposes of motion for reconsideration where not raised in opposition to underlying motion); *Mount Sinai Hosp.*, 2017 WL 2984024, at *2 (same). And indeed, the arguments advanced in Plaintiff's Opposition are based on L.R. 54.2 and the six factors that courts consider in determining whether to issue a bond pursuant to L.R. 54.2. *See, e.g.*, ECF No. 28 at 2-3. In other words, the entirety of Plaintiff's Opposition is fundamentally premised upon the validity of L.R. 54.2. Those arguments proved to be unsuccessful, and Plaintiff cannot now pivot and claim that the Court erred by considering L.R. 54.2 in the same manner universally applied by courts in this District and advanced by Plaintiff in his Opposition. *See, e.g.*, *Fallman v. Hotel Insider, Ltd.*, 14cv10140 (DLC), 2016 WL 6238610, at *1 (motion for reconsideration is "not a vehicle for . . . presenting the case under new theories . . . .") (quoting *Analytical Surveys, Inc.*, 684 F.3d at 52).

Even if the Court were to consider the merits of Plaintiff's First Amendment argument, Plaintiff has not cited a single authority supporting this far-fetched theory, much less any "controlling decision" for purposes of reconsideration. *Fallman*, 2016 WL 6238610, at *1 ("Reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.") (quoting *Analytical Surveys, Inc.*, 684 F.3d at 52). To the contrary, Plaintiff's Motion admits that this theory is based on nothing more than Plaintiff's counsel's *ipse dixit*: "Plaintiff respectfully submits that that [sic] the Court violated Plaintiff's

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

constitutional rights by not considering the merits of his claim before imposing a bond requirement." Motion at 11.

Substantively, Plaintiff's First Amendment argument is premised on his assertion that a bond would violate Plaintiff's First Amendment rights because it would "create a roadblock" to his right to access the courts.[6]  Fundamentally, a bond requirement does not in any way impede Plaintiff's access to the courts: Plaintiff has filed this lawsuit and may continue to litigate it.  His argument that the mere imposition of a bond hampers his ability to proceed with the lawsuit is premature.  "A district court may not dismiss a case for failure to comply with a bond requirement . . . without giving adequate consideration to an asserted inability to pay." *Reynolds v. Hearst Comms., Inc.*, 17cv6720(DLC), 2018 WL 1229840, at *2 (citing *Selletti v. Carey*, 173 F.3d 104, 111 n.9 (2d Cir. 1991)); *see also Sea Trade Co. Ltd*, No. 03 Civ. 10254(JFK), 2008 WL 161239, at *2 (bond requirement imposed despite Plaintiff's professed inability to pay and claim that it would be forced to abandon its claims because "[e]ven after the plaintiff fails to post [a] bond, a court must first give 'adequate consideration to the plaintiff's alleged inability to pay' before determining whether the plaintiff's failure to post the bond should result in dismissal of claims pursuant to Rule 54.2") (quotation omitted).  The Court has not dismissed this case for Plaintiff's failure to comply with the bond requirement, and indeed Defendant has not even moved for such dismissal.  If Plaintiff subsequently claims that the amount of the bond exceeds his ability to pay, the court "may accept 'partial or periodic payment' or rescind the bond requirement." *Reynolds*, 2018 WL 1229840, at *2 (quoting *Selletti*, 173 F.3d at 111 n.9).  Accordingly, Plaintiff's claim that L.R. 54.2 conflicts with the First Amendment is baseless, he cites no case law – much less

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

---

[6] Plaintiff's counsel apparently fails to see the irony in claiming a lack of access to the very courts in which he boasts that he has filed more than 1,500 copyright cases. *See* ECF No. 28 at 15. Plaintiff himself has also filed at least 15 copyright infringement cases in this District and the Eastern District of New York alone in the last few years.

controlling case law – that has held as such, and reconsideration may not be granted on this ground.

### D. The Court Cannot Reconsider its Order Based on Plaintiff's Argument that Application of L.R. 54.2 Violates the Equal Protection Clause of the Fourteenth Amendment.

As with Plaintiff's First Amendment argument, Plaintiff failed to raise his Equal Protection argument in his initial Opposition, and therefore the Court cannot reconsider its Order on these grounds. *See, e.g.*, *Nat'l Union Fire Ins. Co. of Pittsburg, PA*, 409 Fed. App'x at 403 (argument waived for purposes of motion for reconsideration where not raised in opposition to underlying motion); *Mount Sinai Hosp.*, 2017 WL 2984024, at *2 (same). Even if this argument were properly raised in this initial Opposition, Plaintiff does not cite any authority that supports it, much less a "controlling decision" for purposes of reconsideration. *See Fallman*, 2016 WL 6238610, at *1.

Even assuming, *arguendo*, that Plaintiff's Equal Protection argument was not precluded, it is substantively vacuous. Plaintiff argues, essentially, that application of a bond requirement pursuant to L.R. 54.2 violates the Equal Protection Clause of the Fourteenth Amendment because "it arbitrarily discriminates against individual copyright holders in favor of corporate entities." Motion at 13. According to Plaintiff, district courts in this Circuit have only imposed bonds in copyright cases "against individuals" and not "against an artificial entity, i.e. corporation, LLC or trust . . ." Motion at 13-14. This argument is a red herring and has no application whatsoever with regard to Plaintiff's Motion: Defendant has not been treated more favorably than Plaintiff with regard to the bond because of its status as a corporation.[7] Plaintiff has not sought to impose a

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

---

[7] Plaintiff's attempt to construe this lawsuit as a "David vs. Goliath" type of battle between an individual photographer "with modest means" and an "upper-class and wealthy corporation" is comical. Motion at 3, 15. As detailed in Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Bond Under Local Rule 54.2 (ECF No. 31), Defendant operated a single small boutique clothing shop, which has since closed for business. Defendant

bond requirement against Defendant, such that he could claim Defendant has been treated more favorably than him on this issue and Plaintiff does not otherwise contend that *Defendant* was treated more favorably than Plaintiff with regard to its ability to obtain a bond requirement.

Plaintiff's equal protection argument also ignores a fundamental purpose of a bond requirement, which "is to insure that whatever assets a party *does* possess will not have been dissipated or otherwise have become unreachable by the time such costs actually are awarded." *Selletti*, 173 F.3d at 104.   Thus, it is no surprise that a primary factor in considering whether to require a bond is "the financial condition and ability to pay of the party at issue."  *See, e.g.*, *Cruz v. Am. Broadcasting Cos., Inc.*, No. 17cv8794, 2017 WL 5665657, at *1 (quoting *Selletti v. Carey*, 173 F.R.D. 96, 100 (S.D.N.Y. 1997), *aff'd* 173 F.3d 104 (2d Cir. 1999)); *see also Sea Trade Co.*, 2008 WL 161239, at *2 ("a party's apparent financial inability to pay prospective costs is sufficient in and of itself to justify an order requiring the posting of a cost bond under Rule 54.2"). Perhaps, then, bond requirements tend to be imposed against individual plaintiffs more than corporate plaintiffs not because of some grand conspiracy that the courts of this District have against individual plaintiffs – as Plaintiff suggests – but rather because corporations and artificial entities frequently have more resources and assets against which a defendant can collect an award of costs, which even the cases cited by Plaintiff acknowledge.[8]  *See Zen Music, Inc. v. CVS Corp.*,

---

now does not operate any business.  Under these circumstances, and in light of Plaintiff's history of strike suits and Plaintiff's counsel's status as a copyright troll who has filed more than 1,500 cases in the last few years, Defendant would properly be viewed as the "David" to Plaintiff's "Goliath." ECF No. 28 at 15; *McDermott v. Monday Monday, LLC*, 17cv9230 (DLC), 2018 WL 5312903, at *2-3 (S.D.N.Y. Oct. 26, 2018) ("A copyright troll plays a numbers game in which it targets hundreds or thousands of defendants seeking quick settlements priced just low enough that it is less expensive for the defendant to pay the troll rather than defend the claim . . . As evidenced by the astonishing volume of filings coupled with an astonishing rate of voluntary dismissals and quick settlements in Mr. Liebowitz's cases in this district, it is undisputable that Mr. Liebowitz is a copyright troll.").

[8] Indeed, courts in this District have imposed a bond requirement against a corporate plaintiff in a copyright infringement case where it had an apparent inability to pay an award of costs. *See Beverly Hills Design Studio (N.Y.) Inc. v. Morris*, 126 F.R.D. 33, 36 (S.D.N.Y. 1989) (requiring a corporate plaintiff to pay a bond in a copyright infringement case where that plaintiff admitted that it "may not have the financial resources required to post the bond . . . .").

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

NO. 98 CIV 4246 (DLC), 1999 WL 225530, at *1 (S.D.N.Y. Apr. 19, 1999) (bond not imposed

against plaintiff corporation that "had gross annual revenues of $1,350,000.00 and $1,600,000"

and "an 'impeccable' credit rating and significant assets"); *Gary Friedrich Enters., LLC v. Marvel

Enters., Inc.*, No. 08 CIV 01533, 2010 WL 3452375, at *4 (S.D.N.Y. Sept. 1, 2010) (bond not

imposed against plaintiff LLC where plaintiff had "financial means to engag[e] a multistate legal

team consisting of three law firms who have litigated the case vigorously") (internal quotations

omitted).[9]

      According to Plaintiff, this District's conspiracy against individual copyright plaintiffs

amounts to erecting a "toll booth[] at the Courthouse steps" for individual copyright holders.

Motion at 15.  In doing so, Plaintiff reveals that his equal protection argument is no more than a

rehashing of his argument that a bond requirement prevents a Plaintiff from accessing courts.  And

as described above, this argument is entirely premature.  Plaintiff's Motion is for reconsideration

of the Court's decision to issue a bond requirement; Defendant has not moved to dismiss the case

for failure to post a bond.  *See Reynolds v. Hearst Comms., Inc.*, 2018 WL 1602867, at *2

(denying motion to reconsider decision imposing bond where defendant did not move to dismiss

the case for failure to comply with bond requirement and, if such a motion were made, the plaintiff

"would have to actually demonstrate an ability to pay . . .") (internal alterations omitted).  If

Defendant made such a motion, Plaintiff would be given the opportunity to show an actual

inability to pay the bond.  *Selletti*, 173 F.3d at 113; *Reynolds*, 2018 WL 1602867, at *1.  If he

---

      [9] Plaintiff's Motion misrepresents that *RLS Assocs., LLC v. United Bank of Kuwait PLC*, 2005 WL 578917 (S.D.N.Y. Mar. 11, 2005) was a copyright infringement and that the court did not impose a bond requirement against the corporate plaintiff.  That case involved a claim for breach of contract, the bond decision made no reference whatsoever to copyright infringement, and instead involved the applicability of English law to a bond requirement under Local Rule 54.2.  Additionally, the Court later imposed bond a bond requirement against the corporate plaintiff. 2005 WL 3312004, at *3 (S.D.N.Y. Dec. 7, 2005).

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

properly did so, the Court could then "accept partial or period payment or rescind the bond requirement." *Reynolds*, 2018 WL 1602867, at *2.

Thus, the grand rhetorical parade of horribles that Plaintiff constructs about how the courts of this District are violating the Constitution, offending "traditional notions of fair play and substantial justice" and engaging in a "longstanding pattern of discriminating against individual copyright holders" is as misplaced as it is meritless. Simply put, the imposition of a bond requirement has not jeopardized Plaintiff's ability to proceed with his case, he has not attempted to show that he has an actual inability to pay the bond, Defendant has not moved to dismiss based on an inability to pay, and – even if it does – Plaintiff has plenty of protections at his disposal, including seeking to modify the bond. But these issues are not before the Court and cannot serve as grounds for reconsideration.

Given the foregoing, Plaintiff's argument in Point III of the Motion is baseless.

**E. Plaintiff's Counsel's Violation of Court Orders Justifies a Bond Requirement.**

Plaintiff's final argument is that, though his attorney regularly violates court orders, he does not necessarily do so and a bond should not be issued based in part on his attorney's conduct. Motion at 15. Plaintiff's Opposition to Defendant's Bond Motion already argued this point. ECF No. 28 at 15. This argument was therefore before the Court in the initial briefing, and the Court's Order implicitly rejected it by considering Plaintiff's counsel's noncompliance with court orders in weighing the "compliance with past court orders" factor under L.R. 54.2. Order at 5-6. The Court, therefore, cannot reconsider its Order on this basis. *Shrader v. SCX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

The substance of this issue – even if it could be considered for purposes of a motion for reconsideration – also weighs heavily in favor of imposing a bond requirement. Plaintiff counsel

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

has a well-documented history of evading court orders in similar litigation and voluntarily dismissing suits to avoid paying attorneys' fees to a defendant, which the Court recognized in its Order.  Order at 5-6 (collecting cases).  Indeed, courts in this District have found a bond to be appropriate based "*solely* on plaintiff's counsel's record." *Liebowitz v. Galore Media, Inc.*, No. 18-cv-2626 (RA-HBP), 2018 WL 4519208, at *5 (S.D.N.Y. Sept. 20, 2018) (finding that the sixth *Cruz* factor can warrant imposition of a bond requirement and such requirement can be based on plaintiff's counsel's conduct) (emphasis added); *see also Lee v. W Architecture and Landscape Architecture, LLC*, 18-CV-05820 (PKC) (CLP), 2019 WL 2272757, at *5 (E.D.N.Y. May 28, 2019) (holding sixth factor of L.R. 54.2 test weighed against plaintiff based on counsel's record of violating court orders).

Moreover, Plaintiff's claim of ignorance with respect to his attorney's conduct cannot be considered in the vacuum in which the Motion presents it. Plaintiff himself has filed 13 copyright infringement cases in this District alone in the past few years, in addition to two cases filed in the Eastern District of New York, and used the Liebowitz Law Firm, PLLC as counsel for all of them. Since *July 2019 alone*, Plaintiff's counsel has been sanctioned or admonished in two of those cases for his disregard of court orders.  *See Rice v. NBCUniversal Media, Inc.*, 19-cv-447 (JMF), 2019 WL 3000808, at *1 (S.D.N.Y. July 10, 2019) (issuing sanctions and award of attorney's fees for Plaintiff's counsel's willful disregard of court orders); *Rice v. Bright Mountain Media, Inc.*, No. 1:18-cv-06057-ENV-RER (E.D.N.Y. July 29, 2019) (noting Plaintiff's disregard of deadline and court order, which was "in line with the behavior of plaintiff's counsel during this litigation and in other civil actions throughout the federal system… Sanctions may be imposed for any further failure to comply with procedural rules . . . .").   Given Plaintiff's (1) knowledge that his counsel regularly violates court orders in copyright cases, (2) knowledge that his counsel has done

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401

so in Plaintiff's other copyright infringement cases, including two in the past month, (3) decision to file 15 separate copyright infringement lawsuits in the Southern and Eastern Districts of New York in the past few years alone, and (4) decision to utilize the Leibowitz Law Firm, PLLC for each of those actions, Plaintiff's feigned ignorance of his counsel's conduct rings hollow.

Finally, Plaintiff's claim that his previous litigation history must be separated from his counsel's previous litigation history in those cases is a distinction without a difference: Plaintiff's counsel serves as Plaintiff's agent through these lawsuits, and Plaintiff's counsel regularly violates court orders in lawsuits brought by Plaintiff.    As such, the arguments Plaintiff makes in Point V are meritless.

## CONCLUSION

For the foregoing reasons, this Court must deny Plaintiff's Motion for Reconsideration in full and uphold its imposition of a bond, which was based on the Court's well-reasoned and properly supported July 3, 2019 Opinion and Order.

DATED this 15th day of August, 2019.

MUSEE LINGERIE, LLC

BY:    PAUL FRANK + COLLINS P.C.

BY:    _____/s/ David M. Pocius_____
David M. Pocius (#640595)
PO Box 1307
Burlington, VT 05402-1307
802.658.2311/ dpocius@pfclaw.com

7672318_1:13501-00001

PAUL FRANK + COLLINS P.C.
ATTORNEYS AT LAW
P.O. BOX 1307
BURLINGTON, VERMONT 05401