UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



John Curtis Rice,

    Plaintiff,

—v—

Musee Lingerie, LLC,

    Defendant.

18-cv-9130 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

I. BACKGROUND

On October 4, 2018, Plaintiff filed this action against Defendant alleging copyright infringement under 17 U.S.C. §§ 106 and 501. See Compl. ¶¶ 16-22. After a case management plan was entered, Dkt. No. 21, Defendant filed a motion requesting that the Court order Plaintiff to post a bond in order to proceed with the present action. Dkt. No. 23. In an Opinion and Order dated July 3, 2019, the Court granted Defendant's motion, concluding that the imposition of a bond was appropriate under Local Rule 54.2 because the legal costs expected to be incurred by Defendant and Plaintiff's compliance—or lack thereof—with past court orders both militated in favor of imposing a bond. See Dkt. No. 35 at 3–6. However, it reserved judgment on the specific bond amount and ordered Defendant to "provide the Court with more specific information justifying the imposition of a bond in the amount of $15,000 - $25,000" within seven days of the date of the Opinion and Order. Dkt. No. 35 at 6. It further permitted Plaintiff to file a response to Defendant's submission one week thereafter. *Id.*

On July 10, 2019, Defendant filed a memorandum in further support of its request for a bond of not less than $20,000. Dkt. No. 36. Rather than file a response to Defendant's

1

submission, Plaintiff moved for reconsideration of the July 3 Opinion and Order pursuant to Local Rule 6.3 and Rule 60(b)(1) of the Federal Rules of Civil Procedure. Dkt. No. 41. On November 19, 2019, the parties filed a joint motion to submit a proposed amended case management plan and scheduling order following the Court's resolution of the motion for reconsideration. *See* Dkt. No. 50. For the reasons that follow, the Court DENIES Plaintiff's motion for reconsideration and GRANTS the joint motion to submit a proposed amended case management plan and scheduling order.

## II. DISCUSSION

"The standards governing motions under Local Rule 6.3 . . . and [Federal Rule of Civil Procedure] 60(b) are the same." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014), *aff'd sub nom. Lowinger v. Morgan Stanley & Co. LLC*, 841 F.3d 122 (2d Cir. 2016). "A motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and citation omitted). A movant must typically "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The "standard for granting such a motion is strict," *id.*, because "reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Seoul Viosys Co., Ltd. v. P3 Int'l Corp.*, 2018 U.S. Dist. LEXIS 5997, at *4–5 (S.D.N.Y. Jan. 12, 2018) (internal quotation marks and citation omitted). For this reason, "[a] motion for reconsideration may not be used to advance new facts,

issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *R.F.M.A.S., Inc. v. So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (quoting *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)).

Plaintiff argues that the Court's imposition of a bond should be vacated for five independent reasons: (1) the Court overlooked "controlling Supreme Court authority which holds that the term 'costs' under Rule 68 only applies to those costs which are 'properly awardable' under 17 U.S.C. §505"; (2) the Court committed plain error under Rule 60(b)(1) "by imposing a bond requirement based on fee-shifting without reviewing the express language of Defendant's Rule 68 Offer, which does not even seek attorneys' fees"; (3) Plaintiff's First Amendment right to petition the government preempts Local Rule 54.2 because the Court did not find his claim to be frivolous; (4) the Court's application of Local Rule 54.2 violates Plaintiff's constitutional rights to equal protection on grounds that Local Rule 54.2 "has only been applied to individual copyright holders and never to artificial entities such as corporations or LLCs"; and (5) the Court improperly imposed a bond on the basis of the failure of Plaintiff's attorney—rather than Plaintiff himself—to comply with court orders. Dkt. No. 42 at 5, 15–16. The Court considers—and rejects—each of these arguments for the reasons stated below.

Plaintiff's first and fifth arguments fail because he previously argued them in his memorandum of law in opposition to Defendant's motion for a bond, *see* Dkt. No. 28 at 5–10; *id.* at 15, and the Court previously rejected them in its July 3 Opinion and Order, *see* Dkt. No. 35 at 3–6. Indeed, the Court *explicitly* considered *Marek v. Chesny*, 473 U.S. 1 (1985), the only controlling authority Plaintiff claims it overlooked, *see* Dkt. No. 42 at 6, in that Opinion and Order, *see* Dkt. No. 35 at 4–5.[1] Plaintiff's first and fifth arguments thus amount to nothing more

---

[1] Plaintiff also argues in his introduction that the Court overlooked *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). However, he cites that case for a proposition—that "fee-shifting is only permitted where the claims are deemed

3

than an attempt to relitigate issues this Court has already decided, a purpose to which a motion for reconsideration may not be put. *See R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509.

Plaintiff's second, third, and fourth arguments fail for the reason that he did *not* raise them in his memorandum of law in opposition to Defendant's motion for a bond. *See generally* Dkt. No. 28. Because "[a] motion for reconsideration may not be used to advance new . . . issues or arguments not previously presented to the Court," *see R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509, the Court will not now consider these arguments, improperly presented to it for the first time in Plaintiff's motion for reconsideration.

## III. CONCLUSION

Because none of the foregoing arguments warrant reconsideration of the July 3 Opinion and Order, the Court DENIES Plaintiff's motion for reconsideration. Plaintiff may file a response to Defendant's memorandum in further support of its request for a bond of not less than $20,000 within seven days of the date of this Order. The Court will review the submissions and impose a bond of an appropriate amount. The Court GRANTS the parties' joint motion to submit a proposed amended case management plan and scheduling order. They shall do so within fourteen days of the date of this Order. The post-discovery conference currently scheduled for December 6, 2019 is adjourned *sine die*.

This resolves Dkt. Nos. 41 and 50.

SO ORDERED.

Dated: December 5, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge

---

objectively unreasonable or improperly motivated," Dkt. No. 42 at 2—it does not support.

4