# EXHIBIT A

Mango v. Democracy Now! Productions, Inc. Doc. 40

Case 1:18-cv-09130-AJN Document 52-1 Filed 12/11/19 Page 2 of 18
Case 1:18-cv-10588-DLC Document 40 Filed 07/24/19 Page 1 of 17

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :        18cv10588 (DLC)
GREGORY MANGO,                         :
                                       :        OPINION AND ORDER
                    Plaintiff,         :
                                       :
          -v-                          :
                                       :
DEMOCRACY NOW! PRODUCTIONS, INC.,      :
                                       :
                    Defendant.         :
-------------------------------------- X

APPEARANCES:

For the plaintiff:
Richard Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 301
Suite 305
Valleystream, NY 11580

For the defendant:
Thomas McKee Monahan
Sheppard, Mullin, Richter & Hampton
30 Rockefeller Plaza
New York, NY 10112
```

DENISE COTE, District Judge:

Following the rejection of its Rule 68 offer, defendant Democracy Now! Productions, Inc. ("Democracy Now") seeks a second bond in this copyright action. It seeks a bond of $100,000 in addition to the bond of $10,000 already posted by the plaintiff. For the following reasons, the defendant is entitled to an additional bond of $50,000.

**BACKGROUND**

Plaintiff Gregory Mango ("Mango") took a photograph of Kellyanne Conway and her husband George Conway (the "Photograph") on March 17, 2017. Mango asserts that Democracy Now used the Photograph in a March 20 news article published on its website. The Photograph was registered with the United States Copyright Office on March 26.

Attorney Richard Liebowitz filed this action on behalf of Mango on November 13, 2018. This is the fifteenth lawsuit the firm has filed on behalf of Mango since January 2017. Five of these were filed since this lawsuit began. Democracy Now was served on November 16.

On December 10, Democracy Now made an offer of judgment pursuant to Rule 68, Fed. R. Civ. P., for an amount that Democracy Now describes as "five times Plaintiff's typical photo licensing fee for editorial use" and which included the estimated cost of Mango's attorney's fees incurred as of the time of the offer. Mango rejected the Rule 68 offer.

At a pretrial conference held on March 1, 2019, Mango, via his counsel, was ordered to post a bond with the Clerk of Court in the amount of $10,000 on or before March 4. Liebowitz posted this bond on behalf of Mango on March 1. Fact discovery in this case is scheduled to conclude on September 17. A motion for summary judgment or pretrial order is due on October 8.

On May 14, Democracy Now filed a second motion for bond, seeking to increase Mango's bond by $100,000 to a total of $110,000. This motion was fully submitted on June 4. For the reasons that follow, this motion is granted in part.

## DISCUSSION

The principal legal dispute between the parties is whether Democracy Now may be awarded costs that include the attorney's fees it has incurred following its Rule 68 offer. Resolution of this legal question requires consideration of the interplay of Rule 54, Local Civil Rule 54, the damages provisions of the Copyright Act, and Rule 68 itself. After a description of the legal principles that will govern this motion, the defendant's application for a bond will be addressed.

Legal Framework

Pursuant to Rule 54(d), Fed. R. Civ. P., an award of costs does not ordinarily include attorney's fees. That rule states, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs -- other than attorney's fees -- should be allowed to the prevailing party." The Copyright Act provides one of the exceptions recognized by Rule 54(d). Attorney's fees may be awarded under the Copyright Act "to a prevailing party as part of the costs." Adsani v. Miller, 139 F.3d 67, 71 (2d Cir. 1998) (citation omitted).

3

Where costs awarded in an action may include an award of attorney's fees, our district's local rules allow a bond to include consideration of those attorney's fees. Local Civil Rule 54.2 provides, in relevant part:

> The Court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate.

S.D.N.Y. Local Civ. R. 54.2 (emphasis supplied). Thus, "security of attorney's fees may be included in a bond of costs" under Rule 54.2 when a party is potentially entitled to attorney's fees by statute. Klipsch Group, Inc. v. ePRO E-Commerce Ltd., 880 F.3d 620, 635 (2d Cir. 2018) (Lanham Act). See also Selletti v. Carey, 173 F.3d 104, 110 (2d Cir. 1999) (Copyright Act).

A court considers the following factors in determining whether to require a bond under Local Civil Rule 54.2:

> the financial condition and ability to pay of the party at issue; whether that party is a non-resident or foreign corporation; the merits of the underlying claims; the extent and scope of discovery; the legal costs expected to be incurred; and compliance with past court orders.

Cruz v. American Broadcasting Companies, Inc., No. 17cv8794, 2017 WL 5665657, at *1 (S.D.N.Y. Nov. 17, 2017) (citing Selletti v. Carey, 173 F.R.D. 96, 100 (S.D.N.Y. 1997) (Chin, J.), aff'd, 173 F.3d 104 (2d Cir. 1999)).

Attorney's fees may be awarded to either a plaintiff or a

4

defendant in a copyright action.  Section 505 of the Copyright Act provides that a district court "may . . . award a reasonable attorney's fee to the prevailing party."  17 U.S.C. § 505.  For purposes of this fee-shifting provision, a prevailing party is "one who has favorably effected a material alteration of the legal relationship of the parties by court order."  Manhattan Review LLC v. Yun, 919 F.3d 149, 152 (2d Cir. 2019) (citation omitted).  But, a prevailing plaintiff in a copyright action is not awarded "attorney's fees as a matter of course; rather, a court must make a more particularized, case-by-case assessment."  Kirtsaeng v. John Wiley & Sons, Inc., 136 S.Ct. 1979, 1985 (2016) (citation omitted).

There are public interests that favor both plaintiffs and defendants in copyright actions.  "Copyright law inherently balances [] two competing public interests . . . the rights of users and the public interest in the broad accessibility of creative works, and the rights of copyright owners and the public interest in rewarding and incentivizing creative efforts."  WPIX, Inc. v. IVI, Inc., 691 F.3d 275, 287 (2d Cir. 2012).  The Supreme Court has explained that "copyright law ultimately serves the purpose of enriching the general public through access to creative works."  Kirtsaeng, 136 S.Ct. at 1986 (citation omitted).

In order to further the balance of the range of public

5

interests at stake in copyright litigation, the Supreme Court has instructed that "[p]revailing plaintiffs and prevailing defendants are to be treated alike" in awarding attorney's fees under the statute. Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994). Awards of attorney's fees under Section 505 are meant to "encourage the types of lawsuits that promote" the Copyright Act's goals of "encouraging and rewarding authors' creations while also enabling others to build on that work." Kirtsaeng, 136 S.Ct. at 1986. "[A] successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright." Fogerty, 510 U.S. at 527.

In determining whether to exercise its discretion to award fees under the Copyright Act a court may consider "several nonexclusive factors," including "frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence." Kirtsaeng, 136 S. Ct. at 1985 (citation omitted). Although "significant weight" should be given to the objective reasonableness or unreasonableness of the losing party's litigating position, courts "must view all the circumstances of a case on their own terms, in light of the Copyright Act's essential goals." Id. at 1989.

6

Federal Rule of Civil Procedure 68 "is a cost-shifting rule designed to encourage settlements without the burdens of additional litigation." Stanczyk v. City of New York, 752 F.3d 273, 280 (2d Cir. 2014) (citation omitted). Rule 68 provides in relevant part:

> [A] party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. . . . If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree <u>must pay the costs incurred after the offer was made</u>.

Fed. R. Civ. P. 68(a), (d)(emphasis supplied).

A Rule 68 offer includes any monetary relief to which a party may be entitled at the point the offer is made, including attorney's fees if a prevailing party may recover them. "[A] valid Rule 68 offer always includes costs, whether or not specified, because Rule 68 authorizes such an offer only with costs then accrued." Steiner v. Lewmar, Inc., 816 F.3d 26, 36 (2d Cir. 2016).

If a Rule 68 offer is made, it curtails the ability of a prevailing plaintiff to recover its costs, including attorney's fees, incurred after the offer is made. Rule 68 "precludes a plaintiff from recovering post-offer costs if (a) the defendant timely serves plaintiff with an offer of judgment, (b) plaintiff rejects the offer, and (c) plaintiff prevails but obtains a judgment less than the rejected offer." Stanczyk, 752 F.3d at

7

280. This cancellation of the plaintiff's right to recover his costs incurred after the offer includes any right to recover attorney's fees incurred post-offer. Id. As the Supreme Court explained in Marek v. Chesny, 473 U.S. 1, 9 (1985), "all costs properly awardable in an action are to be considered within the scope of Rule 68 'costs.'" Id. Consequently, the Court reasoned, "where the underlying statute defines 'costs' to include attorney's fees, . . . such fees are to be included as costs for purposes of Rule 68." Id.

Marek involved the interplay between Rule 68 and 42 U.S.C. § 1988, which provides that the prevailing party in certain civil rights actions may be awarded attorney's fees "as part of the costs." 42 U.S.C. § 1988. The Court found that § 1988's attorney's fees provision was thus "subject to the cost-shifting provision of Rule 68" and concluded "[c]ivil rights plaintiffs -- along with other plaintiffs -- who reject an offer more favorable than what is thereafter recovered at trial will not recover attorney's fees for services performed after the offer is rejected." Marek, 473 U.S. at 9, 10.

The rejection of a Rule 68 offer also requires the plaintiff to pay the defendant's post-offer costs. Stanczyk, 752 F.3d at 281. As the Second Circuit has explained, "Rule 68 reverses Rule 54(d) and requires a prevailing plaintiff to pay a defendant's post-offer costs if the plaintiff's judgment is less

8

favorable than the unaccepted offer." Id. (collecting cases). And, as explained by the Court in Marek: "In a case where a rejected settlement offer exceeds the ultimate recovery, the plaintiff -- although technically the prevailing party -- has not received any monetary benefits from the post-offer services of his attorney." Marek, 473 U.S. at 11.

These principles, applied in a copyright case, lead inexorably to the following conclusion. A copyright defendant is entitled to seek an award of costs, including attorney's fees, incurred following a Rule 68 offer where the plaintiff's recovery fails to exceed the offer. See Rice v. Musee Lingerie, LLC, No. 18-CV-9130 (AJN), 2019 WL 2865210, at *3 (S.D.N.Y. July 3, 2019) (collecting cases).

The Second Circuit has not yet applied these principles in a Copyright Act lawsuit, but has declined in dicta to adopt them in a civil rights action.[1] See Stanczyk, 752 F.3d at 282. Its decision in Stanczyk, however, is not an impediment to the construction of the relevant statutes and rules set forth above.

In Stanczyk, as already noted, the Second Circuit affirmed an award to a plaintiff, who brought claims under 42 U.S.C. § 1983, of costs and attorney's fees incurred prior to the

---

[1] The civil rights plaintiff in Stanczyk appealed, of relevance here, the district court's award to defendants of post-offer costs exclusive of attorney's fees.

9

defendants' Rule 68 offer and an award to the defendants of post-offer costs, excluding attorney's fees. Id. at 275. The court observed, however, that this "conclusion in no way dictates that a prevailing plaintiff such as Stanczyk would be liable for a defendant's post-offer attorney's fees -- a result that would be at odds with Section 1988." Id. at 282. In distinguishing attorney's fees from other costs in a § 1983 action, the court emphasized the disparity in the standards that apply to attorney's fees awards to plaintiffs versus defendants in those actions. Id. Under Section 1988, a prevailing plaintiff is entitled to an award of attorney's fees as a matter of course, absent unusual circumstances. Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). The Court of Appeals explained that

> [b]ecause a civil rights defendant can recover attorney's fees only when the plaintiff's claims are 'vexatious, frivolous, or brought to harass or embarrass,' and a prevailing plaintiff by virtue of her victory exceeds this standard, we cannot conceive of a situation in which attorney's fees could be properly awardable to a non-prevailing defendant under Rule 68 in a civil rights action.

Stanczyk, 752 F.3d at 282.

The reluctance to award a defendant attorney's fees in a civil rights action is not surprising.[2] In civil rights cases,

---

[2] Section 1988 provides for the award of attorney's fees in "any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, the Religious Freedom Restoration Act of 1993, the Religious Land Use and Institutionalized Persons Act

10

the defendant is always a "state actor". Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 228 (2d Cir. 2004). The statutory regime recognizes the strong public interest in facilitating plaintiffs' access to courts to vindicate their civil rights. As the Supreme Court has explained: "The purpose of § 1988 is to ensure effective access to the judicial process for persons with civil rights grievances." Hensley, 461 U.S. at 429 (citation omitted).

Thus, because of the different tests applied to determine whether an award of attorney's fees is appropriate under the Copyright Act and § 1988 and because the policy purposes undergirding the two statutes diverge, Rule 68 may operate differently in the two contexts. As already discussed, there are important public policy considerations supporting the claims of plaintiffs and the defenses asserted by defendants in copyright actions, and either party may, on a proper showing, receive an award of attorney's fees.

The plaintiff emphasizes Boisson v. Banian Ltd., 221 F.R.D. 378, 379 (E.D.N.Y. 2004), which in turn relied on the Seventh Circuit's decision in Harbor Motor Co., Inc. v. Arnell Chevrolet-Geo, Inc., 265 F.3d 638 (7th Cir. 2001). The Seventh Circuit concluded that only prevailing plaintiffs can receive

---

of 2000, title VI of the Civil Rights Act of 1964, or section 12361 of Title 34." 42 U.S.C. §1988(b).

11

attorney's fees in actions brought under the Copyright Act regardless of the existence of a Rule 68 offer that exceeds the plaintiff's recovery. Id. at 646. The Seventh Circuit reasoned that "[t]he statutes and common law principles that sometimes entitle a party to recover his attorneys' fees limit that entitlement to prevailing parties and any defendant who is entitled to invoke Rule 68 is by definition not a prevailing party." Id. at 647 (citation omitted). This reasoning is at odds with the Second Circuit's conclusion in Stanczyk that Rule 68 "reverses" the operation of Rule 54(d) -- a rule that awards costs to "a prevailing party." Harbor Motor, therefore, will not be followed here.

Application of Local Rule 54 Factors

Turning to the defendant's motion, it has shown that an additional bond is warranted. Analysis of the following factors, set forth in Cruz, 2017 WL 5665657, at *1, support imposition of another bond.[3]

A bond is generally only imposed pursuant to Local Civil Rule 54.2 after consideration of the merits of the underlying claims. Id. When a bond is sought following the rejection of a Rule 68 offer, it is appropriate to consider as well whether the

---

[3] Mango points out that he is resident of New York City. That consideration does not offset the remainder of the analysis set forth above.

12

merits of those claims are likely to result in a plaintiff's judgment in excess of the Rule 68 offer. The defendant has shown that that is unlikely.

The allegations of infringement set forth in the complaint involve a single photograph used in one article. In such copyright infringement cases, awards rarely exceed three to five times the license fee for a work. See Rice, 2019 WL 2865210, at *2 (collecting cases). The highest licensing fee that Mango charges on photo licensing websites appears to be $220 for a single photograph. Mango does not dispute that Democracy Now's Rule 68 offer is five times greater than the typical licensing fee for editorial use of images similar to the Photograph. In the only one of his lawsuits in this district that proceeded to trial, Mango recovered less than $4,000 in statutory damages on his claim for copyright infringement.

Democracy Now, a non-profit entity, is not alleged to have profited from the use of the Photograph and removed the Photograph from its website promptly upon receiving notice of this lawsuit. It had not received any prior notice, demand, or request from Mango. Democracy Now may very well have complete defenses, including a fair use defense. In light of these facts, Mango is unlikely to recover an amount greater than the Rule 68 offer and moreover may be liable for Mango's post-offer costs including attorney's fees.

13

Mango argues that the Rule 68 reversal of the prevailing party standard under Rule 54(d), see Stanczyk, 752 F.3d at 281, will never be triggered here. Rule 68 only requires a plaintiff to pay costs when the judgment a plaintiff obtains is "not more favorable" than the Rule 68 offer. Mango contends that a Rule 68 offer in any amount is not "more favorable" when a defendant does not also admit liability. Because Democracy Now has only offered Mango a monetary settlement and has not admitted liability, Mango contends that any final judgment in his favor, which will necessarily include a finding of liability, will be more favorable than the Rule 68 offer he has received. Not so. In this lawsuit Mango seeks damages. The Rule 68 offer is a full response to that demand.

Mango's reliance on Lish v. Harper's Magazine Foundation, 148 F.R.D. 516 (S.D.N.Y. 1993), does not alter this analysis. In Lish, there was a finding of liability in the plaintiff's favor, but no award of damages.[4] Here, the parties do not dispute that, should the plaintiff prevail, he is entitled to at least an award of the minimum amount of statutory damages. If the award of damages to Mango is less than the Rule 68 offer,

---

[4] In an earlier opinion in Lish, the court explained that statutory damages were not allowed in the particular circumstances of that case, and that no award of actual damages should be given. Lish v. Harper's Magazine Found., 807 F. Supp. 1090, 1109 n.19, 1110 (S.D.N.Y. 1992), amended, No. 91cv0782 (MEL), 1993 WL 7576 (S.D.N.Y. Jan. 7, 1993).

14

then the offer will be more favorable than that judgment even without an admission of liability.

Additional Cruz factors to be considered when imposing a bond are the extent and scope of discovery, and the legal costs expected to be incurred. Mango's interrogatories and document demands already suggest that he intends to pursue expensive litigation. He has made fifty-three document requests, many of which appear to have little relevance to the single asserted infringement in this case. He has also served 29 interrogatories, many of which exceed the scope of permissible interrogatories at this stage of the litigation per this district's Local Civil Rule 33.3. Based on this and other evidence, the defendant predicts that its pursuit of its defenses in this action will result in defense costs that exceed $110,000. That is not an unreasonable prediction.

Democracy Now has also shown that it is likely that Mango will be unable to pay the costs it will seek in this litigation, another factor to be considered in deciding whether a bond should be awarded. Mango sought bankruptcy in 2004, and records from his bankruptcy filing show that his liabilities greatly exceeded his listed assets. Mango has offered no evidence to suggest that his financial resources remain anything but modest.

Finally, compliance with past court orders must be weighed. Mango's counsel, Liebowitz, has filed over 700 cases in this

15

district since 2016 asserting claims of copyright infringement. At least 500 of these lawsuits have been voluntarily dismissed, settled, or otherwise disposed of before any merits-based litigation has occurred. In the course of litigating these cases, Liebowitz regularly fails to comply with court orders. See McDermott v. Monday Monday, LLC, No. 17CV9230 (DLC), 2018 WL 5312903, at *2 (S.D.N.Y. Oct. 26, 2018) (collecting cases). Recently, Liebowitz was described as "earn[ing] the dubious distinction of being a regular target of sanctions-related motions and orders." Rice, v. NBCUniversal Media, LLC, No. 19-CV-447 (JMF), 2019 WL 3000808, at *1 (S.D.N.Y. July 10, 2019) (imposing sanctions for Liebowitz's failure to comply with court orders).

The history of Liebowitz's failure to comply with court orders counsels in favor of the imposition of an additional bond. Mango has chosen Liebowitz as his counsel, and it is not unreasonable to weigh his counsel's failure to follow this district's local rules and to comply with court orders in assessing this final Cruz factor.

A court has discretion in setting a bond amount under Rule 54.2. The rule provides that "[t]he court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount . . . as it may designate." S.D.N.Y. Local Civ. R. 54.2. The

16

immediate imposition of a second bond in an amount limited to $50,000 is appropriate at this stage in the litigation. The defendant may seek an additional bond should the course of litigation so require.

## CONCLUSION

Democracy Now's motion for the imposition of an additional bond is granted in part. Mango shall post a bond with the Clerk of Court in the amount of $50,000 on or before August 1, 2019.

Dated: July 24, 2019
New York, New York

_____
DENISE COTE
United States District Judge

17