UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN CURTIS RICE,<br><br>        Plaintiff,<br><br> - against -<br><br><br>MUSEE LINGERIE, LLC<br><br>        Defendant. | Case No. 18-cv-9130 (AJN) |

**MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANT'S REQUEST FOR A $25,000 BOND**

Plaintiff J.C. Rice, via counsel, respectfully submits this memorandum of law in opposition to Plaintiff's request for a $25,000 bond [Dkt. #36]. Instead, the Court should limit the bond requirement to $1,500, or the approximate cost of two deposition transcripts.

**POINT I:    DEFENDANT WILL NOT BE ABLE TO SHIFT FEES ACCORDING TO THE EXPRESS LANGUAGE OF ITS RULE 68 OFFER**

Although the Court declined to consider the language of Defendant's Rule 68 Offer when it denied Plaintiff's motion for reconsideration, the Court should take such language into account for purposes of determining the amount of the bond.

Under Second Circuit law, a Rule 68 Offer of Judgment <u>must</u> contain an explicit request for attorneys' fees. *Steiner v. Lewmar, Inc.,* 816 F.3d 26, 35 (2d Cir. 2016). Moreover, any ambiguity "must be resolved against the offeror." *Id.*

Here, according to the express terms of Defendant's Rule 68 offer, dated March 1, 2019, Defendant does <u>not</u> explicitly seek attorneys' fees in the event that Plaintiff's ultimate trial recovery is less than the amount specified in the Offer. Specifically, Defendant's Rule 68 Offer reads:

> "If Plaintiff does not accept this offer, he may become obligated to pay Defendants' costs incurred after making of this offer in the event he does not recover a judgment that is more favorable than this offer of judgment, pursuant to Rule 68(d) of the Federal Rules of Civil Procedure."

By its express terms, Defendant only seeks to shift "costs," but <u>not</u> attorneys' fees. As per *Steiner,* 816 F.3d at 35, Defendant's Rule 68 Offer is plainly defective to the extent it seeks to shift attorneys' fees. For that reason, any bond amount should be limited to recoverable costs. Plaintiff estimates that Defendant's costs should not exceed $1500. Defendant argues its costs will amount to approximately $7,000. Either way, that's much less than the $25,000 sought.

## POINT II: THE FORMULAIC "3 to 5 TIMES" MULTIPLE APPROACH TO CALCULATING STATUTORY DAMAGES IS ONLY APPLICABLE TO BENCH TRIALS – NOT JURY TRIALS

Defendant's request for a $25,000 bond is wholly contingent on the notion that Plaintiff will not be awarded a trial recovery in excess of the monetary amount indicated in Defendant's Rule 68 Offer. [D's Memo, Dkt. #36, p. 1 ("As the Court has confirmed, damages for this type of copyright infringement case typically do not extend beyond three to five times the license for such work"). But none of the cases cited by Defendant [Dkt. #23, p. 2] involved jury awards. Plaintiff is only aware of cases where judicial officers (as opposed to juries) have used the three to five times formula.

After all, Congress never mandated such a "one-size-fits-all" formula for calculating statutory damages. *See UMG Recordings, Inc. v. MP3.com*, 2000 WL 1262568, at *5 (S.D.N.Y. Sept. 6, 2000) ("any attempt to reduce this determination [of the amount of statutory damages] to some kind of mathematical formula or equation is spurious."). In any event, this formula has proven entirely ineffective for the purpose of deterring infringement as evidenced by the over 2000 infringement actions filed by Plaintiff's counsel in the last four years. Publishers are stealing more intellectual property than ever because they can now rely on the courts' formulaic approach to calculating damages. Copyright pirates can pre-calculate the cost of infringement and bake that cost into a business model based on thievery.

In the present matter, the case will be brought before a jury which can award up to $30,000 in civil penalties for even non-willful infringement. 17.US.C. §504(c). Any jury instruction which limits the calculation of statutory damages to three-to-five-times a licensing fee would be plainly unconstitutional, as the statute does not impose such limitation or otherwise provide a fixed formula.

In short, because Defendant cannot rely on a judicially-manufactured formula in statutory damages cases involving a jury, Defendant's claim that Plaintiff's recovery will not exceed the Rule 68 Offer is based on mere speculation.

**POINT III:** **EVEN IF PLAINTIFF'S ULTIMATE RECOVERY DOES NOT EXCEED THE AMOUNT OF THE RULE 68 OFFER, FEE-SHIFTING IS NOT WARRANTED UNDER THE *FOGERTY* FACTORS**

Under *Marek v. Chesney*, 473 U.S. 1, 8-9 (1985), the Supreme Court held that the term "costs" under Rule 68 depends on the underlying statute. *Marek,* 473 U.S. at 9 ("the term 'costs' in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority." )

The operative statutory provision, section 505 of the Copyright Act, only permits fee-shifting to prevailing parties. 17 U.S.C. § 505. Moreover, pursuant to the High Court's ruling in *Fogerty v . Fantasy,* 510 U.S. 517 (1994), fee-shifting is only permitted where the claims are deemed objectively unreasonable or improperly motivated. Clearly, if Plaintiff establishes that Defendant infringed his copyright, then his claim is objectively reasonable as a matter of law. Rule 68, a mere procedural rule, cannot override the substantive provisions of the statute or clear-cut mandates of the Supreme Court by awarding adjudged copyright infringers their attorneys' fees.

Because Defendant will not be able to show that Plaintiff's claim is objectively unreasonable or improperly motivated, it will not be able to shift fees even if Plaintiff's monetary recovery is less than the amount specified in Defendant's Rule 68 Offer.

**CONCLUSION**

Based on the foregoing, the Court should limit the bond requirement to $1500.00, which more accurately reflects the out-of-pocket costs that could be incurred by Defendant in defense of this action.

        Respectfully Submitted,

        LIEBOWITZ LAW FIRM, PLLC

        **/richardliebowitz/**
        Richard Liebowitz, Esq.

        11 Sunrise Plaza, Ste. 305
        Valley Stream, NY 11580

        *Counsel for Plaintiff J.C. Rice*